UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| VS | : | |
| | : | |
| ROBERT A. URCIUOLI, | : | CR 06-02-T |
| FRANCES P. DRISCOLL, | : | |
| PETER J. SANGERMANO, JR., and | : | |
| ROGER WILLIAMS MEDICAL CENTER | : | |

**DEFENDANT FRANCES P. DRISCOLL'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Now comes the Defendant, Frances P. Driscoll, by and through her attorney, Kevin J. Bristow, and hereby moves this Honorable Court for an order compelling the Government to disclose all exculpatory evidence. Upon information and belief, the Government and/or its agents are in possession of specific information that is exculpatory and required to be turned over pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. In support of this Motion, the Defendant relies upon the attached Memorandum of Law.

Prior to filing this motion, the Defendant, through counsel, has conferred with the Government in an attempt to resolve these outstanding discovery issues. The Defendant and the Government were able to resolve some issues; however, the evidence that is the subject of this Motion remains contested.

Respectfully submitted
FRANCES P. DRISCOLL
By her Attorney,

KEVIN J. BRISTOW, ESQ. #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; fax (401) 521-2812

**Certification of Service**

I hereby certify that on the 5th day of June, 2006, I mailed a copy of the within Motion to Assistant United States Attorney Luis Matos, United States Attorneys Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903, Michael J. Connolly, Esq., Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island 02903, and James P. Redding, Esq., Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| VS | : | |
| | : | |
| ROBERT A. URCIUOLI, | : | CR 06-02-01T |
| FRANCES P. DRISCOLL, | : | |
| PETER J. SANGERMANO, JR., and | : | |
| ROGER WILLIAMS MEDICAL CENTER | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANCES P. DRISCOLL'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Now comes the Defendant, Frances P. Driscoll, by and through her attorney, Kevin J. Bristow, and hereby respectfully submits this Memorandum in Support of her Motion for an order compelling the Government to disclose all exculpatory evidence.

**TRAVEL OF DISCOVERY**

The Defendant received voluminous discovery from the Plaintiff in February and April of 2006. The Government maintains that this discovery fully complies with its Rule 16 obligations to Defendant. The Government also asserts that this discovery contains all known exculpatory evidence. The Defendant contests this assertion based upon information found in the discovery provided to date and in information learned though Defendant's own investigations.

Specifically, the Defendant asserts that she is entitled to be provided with the following exculpatory evidence:

1. Any and all statements made to the Government or its agents by government witness John Celona or by John Celona's attorney regarding

Celona's reluctance and/or inability to admit to the Government's factual allegations regarding Roger Williams Medical Center;

2. A clean and unredacted copy of all investigative reports prepared in connection with interviews of John Celona conducted by the Government or its agents;

3. A copy of any and all notes, writings, or documents relating to conversations with attorney James R. McGuirk or McGuirk's attorney regarding Attorney McGuirk's status or standing in the criminal investigation that resulted in the instant indictment;

4. A copy of any and all notes and reports prepared in connection with the Government's interview of U. S. District Judge Dennis F. Saylor, IV.

5. A copy of the transcript of the sworn testimony of Dennis Moore given before a State of Rhode Island Grand Jury.

6. A copy of the transcript of the sworn testimony of Sheila Capobianco given before a State of Rhode Island Grand Jury.

The Defendant maintains that the Government is required to provide the Defendant with all of the evidence as it tends to negate guilt and/or affect the credibility of the Government's witnesses.

## ARGUMENT

In the course of a criminal prosecution, the U.S. Constitution requires that the Government produce all "evidence favorable to an accused upon request ... where the evidence is 'material' either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is

considered "favorable" if it tends to exculpate the accused or is useful to impeach the credibility of a Government witness. United States v. Wong, 78 F.3d 73(@d Cir. 1996). The Government's obligation under Brady and its progeny extends to all information in its possession, custody, or control, including all "information maintained by Government agents even if the prosecutor herself does not possess the information." United States v. Hall, 434 F.3d 42, 55 (1st Cir. 2006).

Exculpatory evidence includes both evidence that affects the credibility of the Government's witness (United States v. Cooper, 662 F. Supp. 913, 919 (D.R.I. 1987), and cases cited), as well as evidence that tends to negate guilt or undermine an essential element of the charged offense. United States v. Wong, 78 F.3d 73 (2d Cir. 1996).

In the case at bar, the Government has charged the Defendant with, *inter alia*, honest services mail fraud. Thus, the Government must prove, beyond a reasonable doubt, that Mrs. Driscoll knowingly and willfully participated in a scheme to defraud, that is, that Mrs. Driscoll believed she was violating the laws at the time she made use of the mails. United States v. Woodward, 149 F.3d 46, 54 (1st Cir. 1998). Since good faith is a complete defense to mail fraud, the Government has the burden of proving lack of good faith beyond a reasonable doubt. Id. Good faith reliance on advice of counsel negates the intent element of mail fraud. United States v. Sachs, 412 F.2d 357, 366 (8th Cir. 1996).

In honest service fraud cases, the First Circuit has held that the government must prove two types of fraudulent intent: "intent to deceive the public" and "intent to deprive the public of the legislator's honest services." United States v. Sawyer, 85 F.3d 713, 729 (1st Cir. 1996). The openness with which Mrs. Driscoll treated her involvement with the

Government's primary witness, John Celona, is therefore of critical importance to her defense and any evidence tending to show her openness in her dealings with Celona may be exculpatory and should be provided. Also exculpatory in nature is evidence of Celona's involvements and participation in legislation affecting hospitals and nursing homes, Celona's involvement with increasing rescue runs to the hospital, as well as Celona's involvement with Blue Cross/ Blue Shield and United Healthcare contracts. Any information which tends to show that neither Celona nor Mrs. Driscoll believed they were acting in violation of law is exculpatory and must be turned over by the Government.

Defendant Driscoll specifically requests that the Court order the Government to turn over copies of notes made by law enforcement agents and/or government attorneys in connection with the interviews of any witnesses, as well as discussions with their counsel. Based upon Defendant's own investigations, Defendant has a good faith basis for believing that exculpatory statements were omitted or redacted from the Celona 302s. It is well settled that if the notes of Government agents reveal that exculpatory evidence was omitted or marginalized in any way in the preparation of the formal 302s, the defendant is entitled to the notes. See, United States v. Pelullo, 105 F.3d 117, 123 (3rd Cir. 1997); see also , United States v. Anderson, 36 F. Supp.2d 1264, 1268 (Kan. 1998). Where the FBI 302s differ from the agents' rough notes, the 302s may be found to be lacking exculpatory evidence that was in the notes, or the import of favorable evidence may have been altered in the process of converting the agents' notes to 302s. Anderson, at 1268-69. Defendant Driscoll is entitled to disclosure of all such notes.

Further, inasmuch as Celona's 302 spans nine days of interviews over the course of three months, review of the Government's notes taken during the interviews is critical in determining whether there were inconsistencies in Celona's statements. These possible inconsistencies are critical impeachment evidence that must be disclosed. See, e.g., United States v. Innamorati, 996 F.2d 456, 480 (1st Cir. 1993); Bragg v. Norris, 98-CV 00540 (E.D. Ark. 2000).

Even if the requested information has not been reduced to writing, the Government is still required to produce it under Brady v. Maryland.

It is equally essential to Mrs. Driscoll's defense that the Government produce unredacted copies of the Celona 302s. The 302s previously produced contained numerous pages that had been electronically redacted. The proffered reason for the redactions is that the 302s contained excerpts pertaining to the Government's investigations of Blue Cross/Blue Shield and CVS, as well as others.

The Governments reasons for redacting the Celona 302s cannot withstand a Brady analysis. Defendant contends that such redactions relate to other alleged criminal activity of Celona and are therefore material for impeachment purposes. This is especially true when such redacted material may relate to other instances of honest services fraud, which would certainly be exculpatory as to Mrs. Driscoll.

In addition to the foregoing, Defendant Driscoll seeks the production of information pertaining to statements made by counsel for witnesses. Such information is not shielded by attorney-client privilege and should be discoverable as being statements, made by an agent within the scope of his agency, attributable to the principal/client, and treated as statements of the client for purposes of discovery. See, e.g., FRE 801(d)(2)(D).

Under traditional agency law, the statements of an agent made in the course of the agency serve to bind the principal. See, United States v. Harris, 914 F.2d 927,931 (7th Cir. 1990). An attorney may be the agent of his client for purposes of Rule 801(d)(2)(D). Id., at 931. Although the court in the Harris case noted that the unique nature of the attorney-client relationship demands that a trial court exercise caution in admitting statements that are the product of such a relationship, the attorney statements in that case were admitted. Further, the First Circuit has held that "[O]rdinarily, an attorney is the client's agent within the traditional legal import of that term." Montplasir v. Leighton, 875 F.2d 1, 6 (1st Cir. 1989).

In the instant case, as the agent of Celona, disclosure of exculpatory evidence of statements by Celona's attorney should be mandated.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Honorable Court issue an order compelling the Government to disclose and produce any and all of the information described herein that is within its possession, custody or control and for such other and further relief as to this Court may seem just and proper.

Respectfully submitted
FRANCES P. DRISCOLL
By her Attorney,

KEVIN J. BRISTOW, ESQ. #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; fax (401) 521-2812

**Certification of Service**

I hereby certify that on the 5th day of June, 2006, I mailed a copy of the within Memorandum of Law to Assistant United States Attorney Luis Matos, United States Attorneys Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903, Michael J. Connolly, Esq., Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island 02903, and James P. Redding, Esq., Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110.