**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-2T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR. | : | |

**UNITED STATES' OBJECTION TO DEFENDANT FRANCIS DRISCOLL'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Defendant Francis Driscoll has filed a motion to compel disclosure of exculpatory evidence. For the reasons stated in the accompanying memorandum of law being filed simultaneously herewith, the United States objects to defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

Dated: July 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Objection to Defendant Francis Driscoll's Motion to Compel Disclosure of Exculpatory Evidence to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

K Anderson

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-2T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR. | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT FRANCIS DRISCOLL'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

## I. Introduction

Defendant Francis Driscoll has filed a motion to compel disclosure of exculpatory evidence. Specifically, defendant requests: (1) statements by John Celona regarding his reluctance to admit his culpability; (2) an unredacted version of an FBI 302 report regarding John Celona; (3) copy of all notes and writings relating to conversations with James McGuirk; (4) all notes and reports regarding conversations with United States District Court Judge Dennis Saylor; (5) a transcript of the sworn testimony of Dennis Moore before a state grand jury; and (6) a copy of the sworn testimony of Sheila Capobianco before a state grand jury. However, in the text of her motion, defendant argues specifically for three categories of materials: (1) agents and government attorney notes; (2) an unredacted version of an FBI 302 report regarding John Celona; (3) statements made by counsel for witnesses.

The United States agrees, as is evident under applicable law, that it must provide exculpatory evidence. The United States has complied with its obligations pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and Giglio v. United States, 405 U.S. 150 (1972). The United

states is also aware of its continuing obligation to produce exculpatory evidence should it become aware of such. However, as is explained below, the United States has complied fully with its obligations. Accordingly, the United States requests that defendant's motion to compel be denied.

## II. Factual Background

On January 5, 2006, a Grand Jury returned an Indictment charging defendants Robert A. Urciuoli, Frances P. Driscoll, and Peter J. Sangermano with conspiracy to commit honest services mail fraud and with substantive counts of honest services mail fraud.

On February 10, 2006, the United States complied with Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order and produced voluminous discovery to the defendant in electronic format. The United States produced approximately 6,000 pages of documents as well as interview reports and Grand Jury testimony for approximately 25 individuals, including John Celona, James McGuirk, the Federal Grand Jury testimony of Sheila Capobianco, and existing interviews and/or testimony of all three defendants. In addition, the United States agreed to make available to the defendant the remaining documents that relate to this case but were not produced because they do not fall within the parameters of Rule 16.[1] Defendant has yet to review the additional documentation. On June 26, 2006, United States supplemented its production by providing defendants with approximately 19

---

[1] The United States produced duplicate versions of the discovery materials on February 16, 2006, and, again on April 12, 2006. The April 12th production also contained limited supplemental materials.

additional interview reports and transcripts.[2] Included in the production was the State Grand Jury transcript of Dennis Moore, hence that item is no longer at issue.

During the course of discovery, counsel for the defendant and counsel for the United States have exchanged correspondence and discussed the outstanding discovery issues. During the course of correspondence and discussions, the United States has advised the defendant that it believes that it has fully complied with its discovery obligations and that it recognizes its continuing obligations to produce exculpatory evidence. Defendant states broadly that "based upon defendant's own investigations, defendant has a good faith basis for believing that exculpatory evidence was omitted or redacted from the Celona 302." Driscoll Motion at 4. Other than the Celona 302, however, defendant does not profess to know or provide any basis for her belief that the remainder of the items that she is seeking contain exculpatory evidence. Rather she seeks unfettered access to government notes and work product in order to, essentially, explore whether such information has been withheld. Her requests are beyond the scope of appropriate discovery and, hence, should be denied

## III. <u>Argument</u>

### A. The Government's Discovery Obligations

The United States is well aware of its <u>Brady</u> obligations and has provided discovery in this matter in compliance with its obligations under <u>Brady</u> and <u>Giglio</u>, and in accordance with this Court's pre-trial order. For instance, the United States certainly does not dispute that good faith is a defense to the charges that have been leveled against the defendant. To the extent such

---

[2] The June 26th production occurred after defendant filed the present motion to compel.

evidence exists, it has been produced. However, the United States does not believe that Brady requires the government to respond to the discovery requests that the defendant has propounded. For instance, there is no obligation to produce agent notes simply so defendant can examine whether a 302 report that has been produced is accurate.

The First Circuit has read Brady and Giles v. Maryland, 386 U.S. 66 (1967) to "require fair use of evidence by the prosecutor, accompanied by a duty to disclose evidence materially favorable to the defendant." United Sates v. DeLeo, 422 F.2nd 487, 498 (1st Cir. 1970). However, the First Circuit has "not read those cases to authorize extensive **pre-trial discovery** by the defendant." Id. (emphasis in original); see also United States v. Woodward, 154 F.Supp. 83, 88 (D. Maine 2001) (Brady establishes no general right of discovery and creates no pretrial remedies).

In Woodward, the defendants requested a wide variety of additional discovery under Brady and Rule 16. The Government responded that it had provided defendants with all materials that it was required to produce, that it was not then aware of any Brady materials in its possession, and that if it became aware of any Brady material, it would turn it over. The District Court was "satisfied that the Government understands its duty to disclose any exculpatory evidence useful to defendants and timed to avoid any delay at trial," and denied defendants' discovery motions. Id.; See also United States v. Perez, 940 F.Supp. 540, 552 (S.D.N.Y. 1996) (courts in the Second Circuit have repeatedly denied pretrial requests for discovery orders pursuant to Brady where the government has made a good-faith representation to the court and defense counsel that it recognizes and has complied with its disclosure obligations under Brady). In this case, the United States understands its duty under Brady, has produced discovery in

accordance with that duty, and defendant's discovery motion should be denied.

**B. Agents' and Government Attorney Notes**

Defendant seeks production of agents and government attorney notes regarding John Celona, James McGuirk, and Judge Dennis Saylor. Despite citing several cases, she has not cited to any support for the proposition that she is entitled to such materials. Moreover, she has only specifically identified one set of notes to which she specifically claims she is entitled. She claims to have a good faith basis to believe that exculpatory statements were omitted from the Celona 302. She does not explain the basis for her belief. Rather she speculates that there may be variances between the Celona 302 and the agents' notes. Driscoll Motion at 4.

None of the cases upon which defendant relies allow for the pre-trial fishing expedition in which defendant seeks to engage. Rather, all the cases stand for the unquestioned proposition that exculpatory material must be produced. They do not require the production of notes simply because defense counsel argues that they **may** be exculpatory.

The only First Circuit case upon which defendant relies is United States v. Innamorati, 996 F.2nd 456, 480 (1st Cir. 1993). In that case, the court held, post-trial, that notes containing exculpatory evidence should have been produced (although the court found no prejudice to the defendant from the non-disclosure). Id. Similarly, in United States v. Pellullo, 105 F.3d 117, 123 (3rd Cir. 1997), the Third Circuit held that the United States violated Brady by failing to turn over agent notes that contained potential impeachment material and found the prejudice had resulted. Id. However, neither case supports the blanket assertion that agent and attorney notes must be produced absent a showing by the defendant that material, exculpatory, evidence exists.

Likewise, defendant cites to a case from the District of Kansas, United States v.

Anderson, 36 F. Supp. 2nd 1264 (D. Kansas, 1998), that simply fails to contain any analysis of the issue at hand. To the contrary, a review of Anderson demonstrates that defendant has failed to carry her burden in this case. In Anderson, the court ordered the Government to produce agents' rough notes because the defendant supported his request for such notes by contending that "a number of witnesses ha[d] indicated that [favorable] information was discussed in the interviews but for some reason [did] not appear in the [FBI 302s]." Id, at 1268. The court found, based on the specific facts in that case, that rough notes containing material and exculpatory information should be produced because they could lend credence to defendant's argument that exculpatory evidence was ignored by the agents and that the FBI agent conducted a biased investigation. The court agreed that a defendant must make a requisite showing that exculpatory evidence exists before such material is produced and that such a showing was made in that case. Id., (citing Pennsylvania v. Richie, 480 U.S. 39, 57 (1987)("In the typical case where a defendant makes only a general request for exculpatory material under Brady, . . . it is the [government] that decides which information must be disclosed.")).

In this case, defendant has not made the requisite showing discussed by the Anderson court that exculpatory evidence exists. Hence, her motion must be denied.

**C. Redacted Celona 302**

Defendant argues that she is entitled to obtain an unredacted copy of the Celona 302. She states broadly that "based upon defendant's own investigations, defendant has a good faith basis for believing that exculpatory evidence was omitted or redacted from the Celona 302." Driscoll Motion at 4. She does not expand, however, upon her good faith basis.

Defendant also omits from her discussion the amount of materials regarding John Celona

that have been produced in this case. Defendant is fully informed of the nature of John Celona's plea agreement with the United States, the nature of the charges to which he has plead guilty in open court, John Celona's grand jury testimony and an extensive 302 regarding his participation in the conspiracy charged in this matter, which has been redacted only in regard to ongoing investigations. In addition, to the extent that any witness has provided information, either by way of an interview or testimony, that arguably casts doubt on John Celona's version of events, the relevant interview reports and transcripts have been produced.

The information which has been redacted from the 302 had been the information regarding John Celona's participation in the CVS and Blue Cross schemes to which he has plead guilty. However, defendant is fully apprised of those schemes because the Information and plea colloquy regarding those schemes are matters of public record which have been provided to the defendant. Hence, although more detailed than the Information, the 302 report regarding the other crimes is redundant and is appropriately withheld because: (1) adequate Brady disclosure has been made regarding the other schemes; and (2) it deals with ongoing investigations.

Nonetheless, in the interest of utmost caution when it comes to its discovery obligations, the United States has offered to make the unredacted version of the report available once an appropriate protective order is in place. To date, the parties have not agreed upon the contours of a protective order. Primarily, the United States seeks to prevent disclosure of the information contained in the 302 to prospective witnesses that are identified in the report. Given the nature of the matter and the fact that defendant has been provided notice of the other crimes to which defendant has plead guilty, the United States respectfully submits that the Government's insistence on such a protective order is reasonable.

**D. Statements Made by Counsel for Witnesses**

Defendant seeks exculpatory statements made by counsel for witnesses interviewed in connection with this matter. The Government has objected to defendant's request because it is an extraordinary and unsubstantiated request. Defendant has not cited to any cases which require such production. Instead, she cites to cases that have addressed the whether statements of defense counsel should be admitted at trial.

The case most prominently cited by the defendant in support of her request for counsel statements is United States v. Harris, 914 F.2d 927, 931 (7th Cir. 1990). However, that case is clearly distinguishable. Harris does not concern discussions between defense counsel and prosecutor. In Harris, a former attorney for the defendant, who was charged with armed bank robbery, interviewed a key eyewitness prior to trial in order to inquire about the witness' identification of the defendant. During the interview, the lawyer suggested to the witness that defendant's brother had committed the robbery. The witness was unswayed and identified the defendant as the perpetrator of the crime. At trial the government successfully introduced the statements of defendant's former counsel. The defendant claimed on appeal that the admission of the statements was error.

The Seventh Circuit held that the admission was proper. The court noted, however, that "a more exacting standard must be demanded for admission of statements by attorneys under Rule 801(d)(2)(D) 'in order to avoid trenching upon other important policies.'" Id. at 931 (quoting United States v. Valencia, 826 F.2nd 169, 172. (2nd Cir. 1987)). The concerns expressed by the Valencia court were that "routine use of attorney statements against a criminal defendant risks impairment of the privilege against self-incrimination, the right to counsel of

one's choice and the right to effective assistance of counsel." Valencia, 826 F.2nd at 172. Moreover, such use may also "deter counsel from a vigorous and legitimate advocacy." United States v. McKeon, 738 F.2nd 26, 32 (2nd Cir. 1984).

Significantly, in Valencia, a case which is cited in Harris but is ignored by the defendant, the Second Circuit prohibited the use of statements by defense counsel to prosecutors even where those statements were contradicted by the evidence. The court noted the chilling effect that such use might have on plea negotiations and held that the government's claim to the statements was not strong because they were not being used to show admission of an element of the offense and because it would risk the defendants' interest in retaining the services of his counsel as well as his privilege against self incrimination. John Celona's situation highlights the policy issues that are implicated. John Celona has plead guilty. He remains represented by counsel – indeed he has yet to be sentenced. Nonetheless, defendant seeks to intrude upon that relationship. Hence, the United States opposes the request.

More importantly, the United States reiterates that to the extent that is aware of exculpatory evidence, it has been produced. Absent a showing by defendant that she has a good faith basis to believe that exculpatory information was provided to government attorneys by other counsel, nothing more is warranted.

## IV. **Conclusion**

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant's motion to compel.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

Dated: July 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Memorandum in Support of Its Objection to Defendant Francis Driscoll's Motion to Compel Disclosure of Exculpatory Evidence to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]