# EXHIBIT A

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

*Michael J. Connolly, P.C.*
mconnolly@haslaw.com

April 12, 2006

Via Facsimile(401) 709-5001
And First Class Mail
Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: United State v. Urciuoli, et al.

Dear Lou:

Under Rule 16 and Brady v. Maryland, we request the Government to produce all of the following information:

1. Any information indicating that John Celona, at any point in time, made any statements indicating that:

   (a.) He had doubt or reservations about his guilt in regard to conspiracy or mail fraud charges relating to his dealings with Roger Williams Medical Center ("RWMC"), or its employees, agents, or affiliates, or that he was reluctant to plead guilty to such charges. This request includes communications from Celona, Celona's counsel, or anyone else from whom the Government has obtained information;

   (b.) He did not believe he was violating the law or a known legal duty in regard to his dealings with RWMC, or its employees, agents, or affiliates;

   (c.) He thought the substance of the letter request from James McGuirk to the Ethics Commission for an Advisory Opinion was accurate at the time it was sent;

   (d.) At some point in or around late Summer/early Fall 1997, he attended a meeting with Fran Driscoll and McGuirk where they discussed consulting services Celona could provide to the hospital;

   (e.) The description of his job "evolved" during Celona's discussions with Driscoll and McGuirk during late 1997 and early 1998;

(f.) He did perform work for the Elmhurst Assisted Living Facility ("Elmhurst"), (include any description Celona provided of the work he performed);

(g.) In regard to setting up meetings between representatives from Blue Cross/Blue Shield ("BC/BS") and Roger Williams on reimbursement issues, he provided similar assistance to Fatima Hospital;

(h.) In response to the question: "What was Bob Urciuoli's most significant bill?", his reply "None, really," or words to that effect;

(i.) The contract issues between Roger Williams Hospital and United Healthcare New England ("United") were resolved by Urciuoli and the President or Chief Executive Officer of United, not Celona;

(j.) Neither he nor representatives of Roger Williams tried to hide his connection to Roger Williams;

(k.) The reimbursement issue between Roger Williams Hospital and BC/BS was resolved without legislation;

(l.) He felt he could vote and/or participate on legislation that was general as to all hospitals;

(m.) He never "brought up the Ethics Commission Advisory Opinion" in his discussions with Driscoll, Urciuoli or any one else because he did not deal with any bill that was specific to Roger Williams, and he recused himself on any bills that related to assisted living facilities. He, therefore, did not believe his participation in any legislation violated the provisions of the Ethics Commission Advisory Opinion; and

(n.) He was not aware that he might be violating any law or legal duty in regard to sharing with Driscoll and/or Urciuoli information that he considered to be public information.

2. Any information indicating individuals other than Celona and the Defendants herein who were aware that Celona was:

(a.) Working for RWMC or any entity affiliated of RWMC;

(b.) Compensated, in whole or in part, by Roger Williams Realty Corporation, RWMC or any other affiliate of RWMC;

(c.) Working for Elmhurst.

3. Any information indicating that James McGuirk was aware, at any time prior to March 4, 2004, of any part of the allegations in the indictment.

4. Any information indicating that any members of the Board of Trustees of RWMC or Roger Williams Hospital were aware, at any time prior to March 4, 2004, of any part of the allegations in the indictment.

5. The complete criminal history of John Celona and every other witness the government intends to call to testify at trial. This information must be produced at this time in order for Mr. Urciuoli and his counsel to have an adequate opportunity to conduct follow up investigation.

6. All interview reports, notes of interviews and testimony transcripts of the following individuals: Ed Quinlan; Ray Murphy; Ed Hjerpe; The Honorable Dennis Saylor; and Representative Mesolello.

The requests listed above seek any form of writing reflecting such information, as well as information not reduced to writing (*i.e.* information verbally conveyed to the Government), for the reason that exculpatory information must be disclosed by the Government regardless of whether it has been reduced to writing at the time it is requested.

In the event that the Government does not produce information in response to the above requests, please state whether such information exists in the possession, custody or control of the Government, and, if so, the reason(s) for the Government's refusal to disclose.

In that we continue to review the voluminous discovery materials produced by the Government, and are not yet in a position to identify the entire universe of discovery materials to which we are entitled that has not been disclosed, we reserve the right to submit supplemental discovery requests.

Sincerely,

Michael J. Connolly

Michael J. Connolly

MJC/med

cc: John Pappalardo, Esq.
Evan Georgopoulos, Esq.
James Redding, Esq.
Kevin Bristow, Esq.
Richard M. Egbert, Esq.
Robert Urciuoli
Dulce Donovan, Esq.

#577571(058482/125321)