UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CA No. 06-02-T

ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER

**ORDER REGARDING TRIAL PROCEDURES**

In order to avoid disruptive delays during trial and to help ensure that the jury's time will be efficiently utilized to the maximum extent possible, it is hereby ORDERED that:

1. Side bars. Side bar conferences should be requested only if absolutely necessary to deal with matters that cannot be deferred until the next recess. Even in such cases, the Court, ordinarily, will direct counsel conducting the questioning to move on to another matter until the next recess when the matter for which a side bar is being requested can be addressed.

2. Chambers conferences. Except in extraordinary circumstances, the Court will not conduct chambers conferences during trial hours. Any chambers conferences that may be necessary will be conducted before the trial day begins; after the trial day ends; and/or during recesses. Chambers conferences will not extend into the time reserved for trial.

3. Anticipating and resolving issues. In order to ensure that counsel have sufficient opportunity to anticipate and raise issues and that the Court has sufficient opportunity to adequately consider and resolve those issues without interrupting the trial, at the close of each trial day, counsel shall disclose the names of all witnesses and identify all exhibits that counsel expects to present on the following day. If opposing counsel wish to raise an issue with respect to any such witness or exhibit, or with respect to any other matter, counsel shall, immediately, notify the Court of the nature of the issue. The times between 8:30 a.m. and the beginning of the trial day and after the conclusion of the trial day shall be reserved for dealing with any such matters.

Absent a showing of good cause, failure to disclose evidence, as hereinbefore provided, may be considered a ground for barring that evidence. Similarly, absent a showing of good cause, failure to promptly raise an issue or objection that may require a hearing with respect to evidence that has been disclosed may be considered as a waiver of the issue or objection.

4. Undisputed facts. Counsel shall make every effort to cooperate in avoiding the presentation of evidence offered to prove facts that are undisputed. Whenever possible and appropriate, counsel shall attempt to reach a stipulation as to those facts. In order to achieve that objective, counsel proposing to present evidence to prove a fact that he believes is undisputed and appropriate for stipulation should approach opposing counsel, in advance, in an effort to reach such a stipulation.

5. Questioning of witnesses. Counsel shall conduct the questioning of witnesses from the podium provided for that purpose. Counsel may not approach witnesses without the permission of the Court and should request such permission sparingly in order to minimize the loss of time that, otherwise, would be consumed by walking to and from the witness stand.

6. Witnesses. Counsel shall have sufficient witnesses available to ensure that trial testimony can be presented without interruption for the full court day. In making the necessary arrangements, counsel should allow for the possibility that a witness's testimony may not be as lengthy as anticipated or that an issue may be raised with respect to the testimony of a witness that requires the Court to direct counsel to move on to another witness until the issue can be resolved.

7. Cross Examination. Cross examination will be limited to the scope of direct examination, but if counsel wish to elicit testimony that goes beyond the scope of direct examination, they may request that the witness be made available to testify during the presentation of their evidence.

8. Exhibits. Prior to the start of each trial day, counsel shall identify, for the clerk, all exhibits about which the witnesses that counsel expects to call will be asked to testify so that the clerk will be able to place those exhibits before the witness, without delay, during the witness's testimony. Before cross examining a witness, counsel conducting the cross examination shall identify for the clerk exhibits that counsel intends to ask the witness about during

cross examination.

Preferably, when a party begins the presentation of its evidence but, in no event later than the time at which a party is required to identify exhibits for the clerk, counsel shall furnish the Court with copies of the exhibits in question clearly labeled with the exhibit designations so that the exhibits may be incorporated into the binder provided by that party or placed in a file cabinet to be maintained by the clerk.

9. Objections. Counsel shall stand when objecting to evidence offered by other counsel in order to alert the Court that an objection is being made and to assist the Court in identifying who is objecting. An objection should briefly state the legal ground(s) for the objection (e.g., hearsay, lack of foundation, Rule 403, etc.). Objections should not be argumentative or include commentary by counsel.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: 8/31/06