**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 06-02T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER J. SANGERMANO, JR.** | : | |

**DEFENDANT FRANCES P. DRISCOLL'S MOTION FOR A RULE 29 POST-VERDICT JUDGMENT OF ACQUITTAL AND A NEW TRIAL PURSUANT TO RULE 33**

Now comes the Defendant, Frances P. Driscoll, and hereby moves this Honorable Court for an order granting Defendant Driscoll's motion for a Rule 29 post-verdict judgment of acquittal and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

In support of this motion, the Defendant relies upon the attached Memorandum of Law.

Respectfully submitted,
FRANCES P. DRISCOLL
By her attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, R.I. Bar Reg. No. 3984
505 Turks Head Building
Providence, R.I. 02903
401-521-2800
Fax 401-521-2812

Dated: November 3, 2006

**Certification**

I certify that on November 7, 2006 I caused a true copy of this Motion to be sent via electronic filing (CM/ECF) to the following:

**Michael J. Connolly**
mconnolly@haslaw.com

**Dulce Donovan**
dulce.donovan@usdoj.gov
kellyann.anderson@usdoj.gov;gale.james@usdoj.gov;paula.horsey@usdoj.gov;paulette.gamache@usdoj.gov;usari-ecf@usdoj.gov

**Richard M. Egbert**
regbert@egbertlaw.com mvelleman@egbertlaw.com;padejuneas@egbertlaw.com

**Evan Georgopoulos**
georgopoulose@gtlaw.com colleys@gtlaw.com

**Luis M. Matos**
luis.matos@usdoj.gov
Kellyann.anderson@usdoj.gov;paulette.gamache@usdoj.gov;gale.james@usdoj.gov;usari-ecf@usdoj.gov

**A. John Pappalardo**
pappalardoj@gtlaw.com
stehnk@gtlaw.com;dimarem@gtlaw.com;mamouzellosr@gtlaw.com

**Kristie M. Passalacqua**
kpassalacqua@haslaw.com dfalcoa@haslaw.com

**James P. Redding**
reddingj@gtlaw.com

/s/ Kevin J. Bristow_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 06-02T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER J. SANGERMANO, JR.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANCES P. DRISCOLL'S MOTION FOR A RULE 29 POST-VERDICT JUDGMENT OF ACQUITTAL AND A NEW TRIAL PURSUANT TO RULE 33

Now comes the Defendant, Frances P. Driscoll, and hereby submits this Memorandum in support of her motion for a Rule 29 post-verdict judgment of acquittal and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

## RELEVANT FACTS

On October 13, 2006, Defendant Frances Driscoll was acquitted by the trial jury of conspiring with Robert Urciuoli, Peter Sangermano, Roger Williams Medical Center and/or John Celona to commit mail fraud by depriving the citizens of the State of Rhode Island of the honest services of John Celona (hereinafter "Honest Services Mail Fraud"). The jury found Mrs. Driscoll guilty of a single count of Honest Services Mail Fraud. Sentencing is calendared for February 2, 2007.

The conspiracy charge alleged criminal conduct beginning in August of 1997 and continuing to January 8, 2004. (¶ 14 of the Indictment). The Honest Services Mail Fraud

offense for which Mrs. Driscoll stands convicted is alleged in Count 2 of the indictment to have been executed on May 4, 2000. Paragraph 104, contained within Count 2 of the Indictment reads as follows:

**C. Execution of the Scheme to Defraud**

> 104. On or about May 4, 2000, in the District of Rhode Island, for the purpose of executing the scheme and artifice to defraud described in paragraphs 95-103, DRISCOLL did knowingly and willfully cause to be placed in an authorized depository for mail matter a check, No. 1054, drawn from the Village's Capital Account made payable to John Celona, in the amount of $2,800, for consulting fees for the month of April 2000, to be sent and delivered by the United States Postal Service.
>
> All in violation of 18 U.S.C. §§ 2, 1341 and 1346.

The Statute of Limitations for the offense of Mail Fraud is five (5) years. 18 U.S.C. § 3282.[1] Any allegation of Honest Services Mail Fraud must be brought within 5 years of the conduct specifically pled in the indictment. It is alleged in ¶ 104 that the count for which Mrs. Driscoll stands convicted results from a payment of $2,800 mailed to John Celona on May 4, 2000 for activities relating to the month of April of 2000.

At trial, the Government offered absolutely no evidence of any interaction or communication between Mrs. Driscoll and John Celona during April of 2000. The only evidence relating to this time period were two memoranda from John Celona to Robert Urcuioli. The first is an April 20, 2000 memorandum relating to Celona attending a Blue Cross forum held in the City of East Providence. (Govt. Trial Ex. 385). Celona's memorandum describes the forum as "uneventful". Robert Urcuioli had this memorandum distributed to all vice-presidents at Roger Williams Medical Center.

[1] On April 21, 2005, Defendant Frances Driscoll executed an extension of the Statute of Limitations at the request of the Government. Thereafter, she executed additional extensions. The end date of the last extension is February 15, 2006.

The second Celona memorandum is dated April 22, 2000 and relates to a letter Celona received from a Massachusetts substance abuse treatment center that was opening a facility in Rhode Island. (Govt. Trial Ex. 386). The letter invited John Celona to an open house being held to promote the center. Robert Urcuioli also had this memorandum copied to all vice-presidents at Roger Williams Medical Center. At trial, John Celona offered no testimony as to either memorandum.

## APPLICABLE LAW

### 1. Rule 29 Standard

Rule 29 of the Federal Rules of Criminal Procedure allows this court to consider the Defendant's Motion for a Judgment of Acquittal after the jury has rendered their verdict. F.R.C.P. 29(c). When considering Defendant's motion to set aside the verdict and enter a judgment of acquittal, the court must determine whether the total evidence, including reasonable inferences, is sufficient to warrant a jury to conclude that the Defendant is guilty beyond a reasonable doubt. U.S. v. Doe, 921, F.2d 340, 343 (1st Cir. 1990); Dirring v. U.S., 328 F.2d 512, 515 (1st Cir. 1964). In assessing the sufficiency of the evidence at this stage, the Court must view the evidence and draw reasonable inferences in the light most favorable to the verdict. U.S. v. Diaz, 300 F.3d 66, 77 (1sr Cir. 2002); U.S. v. McGauley, 279 F.3d 62, 66 (1st Cir. 2002). The evidence is legally sufficient if, taken as a whole, it warrants a judgment of conviction. U.S. v. Benjamin, 252 F.3d 1, 5 (1st Cir. 2001).

Rule 29(d) also requires the trial court to make a conditional ruling on a Rule 33 motion for a new trial if the court enters a judgment of acquittal after a guilty verdict.

Accordingly, the Defendant, Frances Driscoll, has consolidated her Rule 33 Motion for a New Trial with this motion.

**2. Rule 33 Standard**

Rule 33 of the Federal Rules of Criminal Procedure allows the trial court to vacate a jury's verdict and grant a new trial if the interests of justice so require. F.R.C.P. 33(a). The trial court may evaluate and weigh the evidence supporting the verdict. U.S. v. Rangel, 396 F.3d 476, 486 (1st Cir. 2005). The court must order a new trial where its own assessment of the evidence makes it clear that the jury has reached a seriously erroneous result. U.S. v. Ruiz, 105 F.2d 1429, 1501 (1st Cir. 1997); U.S. v. Rangel, supra at 486.

**ARGUMENT**

The uncontroverted evidence at trial demonstrates that Defendant Frances Driscoll met then Senator John Celona in the Summer of 1997, when Senator Celona was working in his legislative capacity to benefit Roger Williams Medical Center. There is no evidence that Mrs. Driscoll had any knowledge of a purported earlier conversation between Celona and Roger Williams Medical Center President and CEO Robert Urciuoli regarding future employment for Celona. John Celona had long-standing, very positive relations with the Senior community; Roger Williams had a geriatric specialization with its Continuum-of-Care program; Celona's constituents worked at and received services from Roger Williams Hospital; and consequently, Frances Driscoll had every reason to believe that John Celona was legitimately working in a legislative capacity to protect and support Roger Williams Hospital and the services it provided.

John Celona also testified that he exchanged hundreds of written communications with Mrs. Driscoll prior to her leaving Roger Williams Medical Center on May 5, 2000. The vast majority of these communications involved tasks given to Celona by Mrs. Driscoll which promoted Roger Williams Medical Center and its affiliated entities with the community and among the Seniors. These communications demonstrate that John Celona was performing these tasks at the direction and under the supervision of Mrs. Driscoll.

This factual background relating to intent and knowledge of wrongful conduct must be applied to the limited activities in the time period encompassed by Count 2 of the indictment and allowed by the applicable statute of limitations.

Mrs. Driscoll stands convicted of one mailing relating to a payment made to John Celona for his activities on behalf of Roger Williams Medical Center during April of 2000. As noted in the recitation of relevant facts, there was no evidence of any interaction between Celona and Mrs. Driscoll during that time period. The two memoranda sent by John Celona to Robert Urciuoli during April of 2000 are innocuous and are later forwarded to all vice-presidents of Roger Williams Medical Center. These documents do not provide any reasonable fact finder with a rational basis for finding guilt beyond a reasonable doubt on Count 2 of the Indictment. A guilty verdict based on this absence of evidence is a seriously erroneous result and must be vacated.

As indicated previously, the Defendant signed the first Statute of Limitations Tolling Agreement on April 21, 2005. This tolling agreement extended the Statute of Limitations through August 15, 2005. However, the Agreement specifically provides that "[t]his tolling shall not apply to … any claims which may already have been barred

by the applicable statute of limitations prior to the execution of the Agreement." In the instant case, any criminal activity alleged to have occurred prior to April 21, 2000, still would be time-barred. Subsequent tolling agreements do nothing to change this operative date.

In sum, Mrs. Driscoll was found guilty by the jury in this case on Count 2, Honest Services Mail Fraud, occurring on May 4, 2000. She was found by this same jury not to have participated in a conspiracy to deprive the citizens of Rhode Island of the honest services of John Celona. The very language contained in Count 2 of the indictment refers to a payment made on May 4, 2000 for consulting services provided in April 2000. Absent a conspiracy, the statute of limitations would bar the conviction of Mrs. Driscoll for alleged criminal activities prior to April 21, 2005.

As noted above, none of the evidence adduced at trial relating to the activities of John Celona in April 2000 relate in any way to Mrs. Driscoll, nor can they be interpreted as constituting criminal conduct. As such, the guilty finding by the jury as to Count 2 of the indictment should be vacated.

## CONCLUSION

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, this Court should find that there is insufficient evidence to have allowed the jury to conclude that the Defendant was guilty of Count 2 of the indictment. Accordingly, the Court should set aside the verdict and enter a judgment of acquittal.

In the alternative, pursuant to Rule 33 and Rule 29(d), the Court should determine that the jury's finding of guilt as to Count 2 is seriously erroneous based upon the Court's

own assessment and weighing of the evidence relating to that count. The Court should order a new trial in the interests of justice.

Respectfully submitted,
FRANCES P. DRISCOLL
By her attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, R.I. Bar Reg. No. 3984
505 Turks Head Building
Providence, R.I. 02903
401-521-2800
Fax 401-521-2812

Dated: November 3, 2006

**Certification**

I certify that on November 7, 2006 I caused a true copy of this Memorandum to be sent via electronic filing (CM/ECF) to the following:

**Michael J. Connolly**
mconnolly@haslaw.com

**Dulce Donovan**
dulce.donovan@usdoj.gov
kellyann.anderson@usdoj.gov;gale.james@usdoj.gov;paula.horsey@usdoj.gov;paulette.gamache@usdoj.gov;usari-ecf@usdoj.gov

**Richard M. Egbert**
regbert@egbertlaw.com mvelleman@egbertlaw.com;padejuneas@egbertlaw.com

**Evan Georgopoulos**
georgopoulose@gtlaw.com colleys@gtlaw.com

**Luis M. Matos**
luis.matos@usdoj.gov
Kellyann.anderson@usdoj.gov;paulette.gamache@usdoj.gov;gale.james@usdoj.gov;usari-ecf@usdoj.gov

**A. John Pappalardo**
pappalardoj@gtlaw.com
stehnk@gtlaw.com;dimarem@gtlaw.com;mamouzellosr@gtlaw.com

**Kristie M. Passalacqua**
kpassalacqua@haslaw.com dfalcoa@haslaw.com

**James P. Redding**
reddingj@gtlaw.com

/s/ Kevin J. Bristow_____