**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-02T** |
| | : | |
| **ROBERT A. URCIUOLI and** | : | |
| **FRANCES P. DRISCOLL** | : | |

**UNITED STATES' OBJECTION TO DEFENDANT DRISCOLL'S**
**MOTION TO SENTENCE BELOW GUIDELINE RANGE**

On January 24, 2007, defendant Frances Driscoll filed a Motion to Sentence Below Guideline Range and Sentencing Memorandum. The United States objects to Driscoll's motion for a sentence below the guideline range for the reasons stated in the accompanying memorandum of law and filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: January 29 2007

LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division
luis.matos@usdoj.gov

DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-02T |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2007, I caused the Government's Objection to Defendant Driscoll's Motion to Sentence Below the Guideline Range to be hand delivered to:

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

K Anderson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-02T |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT DRISCOLL' S MOTION TO SENTENCE BELOW GUIDELINE RANGE**

## I. Introduction

On January 24, 2007, defendant Frances Driscoll filed a Motion to Sentence Below Guideline Range and Sentencing Memorandum. The Presentence Report ("PSR") calculates the offense level as level 18, Criminal History Category I, with a resulting Guideline Range of 27 to 33 months. Driscoll asks this Court to consider a reduction in the offense level because she contends she was a minor participant in the scheme. Driscoll additionally asks the Court to sentence her below the Guideline Range based upon a consideration of the factors listed in 18 U.S.C. § 3553(a), or alternatively, by departing downward. Driscoll seeks a sentence within either Zone B of the Guidelines, a split-sentence including a term of probation and home confinement, or Zone C, straight probation, which would amount to a downward departure of at least 8 levels. It is the United States' position that Driscoll is undeserving of a reduction in the offense level for a minor role and that consideration of each of the § 3553(a) factors does not warrant such an extreme variation in the Guideline Range as Driscoll requests. Further, Driscoll has not presented sufficient evidence to warrant a downward departure. Each of these issues is

addressed below.

## II. Argument

### A. Sentencing Standard

In the wake of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, not mandatory. The First Circuit has made plain, however, that "the guidelines continue [] to be an important consideration in sentencing." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Moreover, "the guidelines cannot be called just 'another factor' in the statutory list, 18 U.S.C. §3553(a), because they are the only integration of the multiple factors, and with important exceptions, their calculations were based upon the actual sentences of many judges." Id. (emphasis in original). Nevertheless, "[a] court may sentence below the guidelines because the guideline sentence appears unreasonable in the 'particular case.'" United States v. Thurston, 456 F.3d 211, 218-19 (1st Cir. 2006) (quoting Jimenez-Beltre, 440 F.3d at 518). "[T]he reasonableness of a below-guideline sentence [is judged] on a sliding scale: 'the farther the judge's sentence departs from the guidelines sentence the more compelling the justification based on the factors in § 3553(a) that the judge must offer . . . .'" Id. (quoting United States v. Dean, 414 F.3d 725, 729 (1st Cir. 2005)). In this case, Driscoll asks the Court to impose a sentence that is at least 8 levels below the calculated Guideline Range. As detailed below, Driscoll has failed to provide compelling reasons to justify her request.

### A. Driscoll Is Not Entitled to a Two-Level Decrease for Minor Role

Driscoll objects to the PSR on the grounds that it did not afford her a two-level reduction under § 3B1.2 for being a minor participant in the criminal activity of which she stands

convicted. In rejecting Driscoll's objection, the Probation Officer correctly notes that § 3B1.2 Application Note 4 states that an adjustment for a mitigating role in the offense is intended to cover defendants who are among the least culpable of those involved in the conduct of a group, and that a defendant's lack of knowledge or understanding of the scope and structure of the criminal enterprise qualifies one for a reduction. In addition, the Probation Officer states that Application Note 4 provides that § 3B1.2 is to be used infrequently.

The Probation Officer's conclusion that Driscoll does not qualify for a reduction under § 3B1.2 is amply supported by the record at trial which showed that Driscoll was an integral participant in the scheme. Driscoll's drafting of the consulting agreement and submission of the Ethics Commission letter ensured that the public would be deceived about Celona's relationship to Roger Williams Medical Center ("RWMC"). Indeed, at the time she assisted in the drafting of the consulting agreement and reviewed the Ethics Commission letter she knew that John Celona was working for RWMC, reporting to her, and undertaking RWMC's political bidding. Thus, Driscoll knowingly submitted false information to the Ethics Commission. Thereafter, over the course of the next two and one half years, Driscoll routinely instructed Celona to take political actions which favored RWMC, all the while hiding it from the public. Thus, under no circumstances can her role in the scheme be considered minimal and she is not entitled to a reduction in the offense level under § 3B1.2.

### C. Consideration of the Factors in 18 U.S.C. § 3553(a) Does Not Entitle Driscoll to a Sentence 8 Levels Below the Guideline Range, Nor Is a Downward Departure of 8 Levels Warranted

#### (1) Nature and Circumstances of the Offense

Section 3553 lists the nature and circumstances of the offense as the first factor which the Court is to consider in fashioning a sentence that is reasonable. In her sentencing memorandum, Driscoll concedes that "honest services mail fraud is a serious offense." Sentencing Memorandum (hereinafter "Supp. Mem." at 6). However, she contends that the Court should consider that she did not commit the offense for personal gain and that having been initially opposed to Celona's hiring, she subsequently merely "acquiesced" to his employment.

The fact that Celona's hiring did not put money in Driscoll's pocket is irrelevant to an evaluation of the seriousness of her offense. Driscoll's concealment of John Celona's employment by RWMC allowed him to carry out her and Robert Urciuoli's political bidding undetected by the Citizens of the State of Rhode Island. Driscoll's position at the Hospital included responsibility for legislative affairs and ensuring the health and success of RWMC. Driscoll used Celona to help her do her job by secretly tasking him to work to defeat legislation which she believed was harmful to RWMC. Roger Williams Medical Center's legislative successes ensured Driscoll's own professional success. Furthermore, in some instances Driscoll utilized Celona to take action on legislation that could have directly impacted her position at the Hospital and her own financial well-being. For example, in early 1998, at a time when RWMC was pursuing mergers with non-profit hospitals, Driscoll spoke to Celona about Senate Bill S-2796 and asked him to "kill" the legislation because she and Urciuoli wanted to maintain the

same board of directors if the Hospital merged in order to ensure they kept their jobs. Thus, Driscoll's utilization of Celona's services was not simply to "assist a non-profit hospital." Supp. Mem. at 7. Instead, Driscoll's commission of honest services fraud stands as one of the most egregious crimes – it undermines the general faith and trust citizens have in governmental institutions.

The Court should also reject Driscoll's argument that the seriousness of her offense is mitigated by the fact that she was initially opposed to hiring John Celona. While the evidence at trial showed that very early on in the scheme she expressed concern over Celona's hiring, Driscoll quickly became an integral participant in the scheme, deceiving the Ethics Commission and actively, indeed, daily, utilizing Celona's political services. The vast documentary evidence at trial of Driscoll and Celona's communications belie any claim that she merely "acquiesced" to his employment as RWMC's political errand boy.

**(2) History and Characteristics of the Defendant**

Driscoll maintains that her age and physical condition warrant a sentence of probation or a split-sentence including a period of home confinement followed by a period of probation. The evidence before the Court does not support her position.

**(a) Neither Driscoll's Age Nor Her Health Warrant an 8-Level Decrease in the Offense Level**

Sentencing Guideline § 5H1.1 provides that "[a]ge . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence outside the guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less

costly as incarceration." While the Court's evaluation of Driscoll's age is not irrelevant to its sentencing calculation under § 3553(a)(1), Driscoll's age does not justify the extraordinary deviation from the sentencing guideline range of 27-33 months she requests.

Defendant Driscoll is 67 years old, and despite the variety and seriousness of her medical ailments, is not infirm. According to Driscoll's affidavit of lost earnings, in 2006, presumably after she was indicted in January of 2006, she was hired by three businesses to perform work as an independent consultant in the areas of public relations and fund raising. Driscoll Aff. ¶¶ 1,2. Her fees ranged from $1,500 to $4,000 per month and her total 2006 earnings were approximately $62,000. Id. ¶3. Notably, nowhere does Driscoll maintain that her current inability to work is due to her age or physical condition – instead she admits that her reduced earning capacity is a product of her conviction.

As the Court is aware, Guideline § 5H1.4 provides that "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g. in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly, than imprisonment." Driscoll's most serious ailment is her Crohn's disease, from which she has suffered throughout her life. She also represents that she is suffering from anemia due to internal bleeding. This is the second time Driscoll has been diagnosed as being anemic. Paragraph 35 of the PSR notes that in 1998 her Crohn's disease worsened severely with bleeding – a condition from which she successfully recovered. Hence, while suffering from Crohn's disease she continued to work and care for her family. She was not then and is not now infirm.

While admittedly serious, neither Driscoll's Crohn's disease nor her anemia warrant the extreme deviation, or departure, from the Guideline Range, which she is requesting. Notably, Driscoll has failed to submit any medical evidence supporting her claim that her health warrants any kind of deviation from the Guideline Range. Absent any type of medical evidence that her health is "exceptionally fragile" or that the Bureau of Prisons ("BOP") cannot adequately care for her, a sentence outside of the Guideline Range is not warranted. See e.g. United States v. Martin, 363 F.3d 25, 50 (1st Cir. 2004).

Despite her attempt to rely on United States v. Martin, Driscoll's medical situation is incomparable with the defendant in that case who also suffered from Crohn's disease. In Martin, the First Circuit upheld the district court's decision to depart from the guideline range because the evidence before the court demonstrated that Martin "would be unusually susceptible to harm in prison . . . and . . . extremely vulnerable to the risk of death because of an emergency need of medical and surgical attention for his abdominal conditions." Id. at 49. Martin's Crohn's disease caused him to experience episodes of obstruction and acute abdominal pain which if not treated immediately with a narcotic not administered by the BOP, could require treatment with intravenous fluids and urgent surgery. Id. In addition, Martin presented evidence that his placement in a correctional facility would present an "unacceptable risk for serious infectious disease" because he also suffered from an immune suppressive disorder. Id. at 50. The record before the Court contains no comparable evidence suggesting that incarceration presents similar risks to Driscoll's health, or that the BOP cannot adequately provide for her medical needs during a period of incarceration. Thus, consideration of her medical condition pursuant to §3553(a), or in the context of a motion for downward departure, does not warrant the 8- level decrease in the

offense level which Driscoll requests.

**(b) Family Ties**

Defendant also asks this Court to depart downward, or consider in fashioning a sentence pursuant to § 3553(a), the impact a period of incarceration would have on her responsibility to care for her husband. Section 5H1.6 of the Guidelines provides that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Although pursuant to Booker consideration of Driscoll's family responsibilities is not irrelevant in fashioning an appropriate sentence, her family responsibilities does not warrant an 8- level decrease in the offense level she asks for.

In his letter to the Court, Mr. Driscoll states that his wife does their food shopping, prepares meals and "assists" in monitoring his medication, medical care and exercise requirements. Driscoll's Sentencing Memorandum elaborates somewhat on her responsibilities and her husband's needs concluding that "[o]utside help to perform specific tasks is no substitute." Supp. Mem. at 10.

As evidenced through the letters submitted on her behalf, the Driscolls have extensive family and community support. In addition, it appears that they would have the financial means to hire someone to care for Mr. Driscoll for a period of time. "Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration." United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992). Defendant's family responsibilities, while significant, are not, however, so exceptional or unique that they could not be assumed by someone else. Accordingly, they do not warrant a sentence at least 8 levels below the calculated Guideline Range.

**(c) Neither the Impact to Driscoll's Reputation Nor her Past Charitable Endeavors Justify a Sentence Outside of the Guideline Range**

Driscoll also urges that in determining the appropriate sentence, the Court should consider the fact that she has "fallen from the apex of Rhode Island's business community." Supp. Mem. at 11. Imposing a more lenient sentence than one called for by the Guidelines based on the damage to Driscoll's reputation would be unreasonable – the stigma attached to conviction applies to each convicted defendant who stands before this Court to be sentenced. Imposing a more lenient sentence than one called for by the Guidelines based on the damage to Driscoll's reputation is not an appropriate basis for reducing her sentence. See e.g. United States v. Rattoballi, 452 F3d 127, 136 (2d Cir. 2006). Accepting Driscoll's suggestion would mean that white collar criminals receive more lenient sentencing than their violent crime counterparts, something the Sentencing Guidelines intended to avoid. See e.g. United States v. Thurston, 456 F.3d 211, 218 (1st Cir. 2006).

Driscoll also asks the Court to sentence her 8 levels below the calculated Guideline Range based on her public service work. In Thurston, 456 F.3d at 219, the court recognized that under the more flexible post-Booker approach to sentencing, a defendant's good works "might justify a somewhat shorter sentence under a reasonableness standard." (emphasis added). In the instance case, however, Driscoll is not merely requesting a "somewhat shorter sentence" but a decrease of 8 levels. Such an extraordinary decrease in the offense level is not what the Circuit endorsed in Thurston and is not appropriate here.

### (d) Driscoll's Participation in the Scheme Cannot Be Considered an Aberrant Act

Driscoll contends that the Court should consider her conviction as an aberrant act in fashioning an appropriate sentence. Under the 1998 Guidelines, which are applicable here, in determining whether a downward departure for aberrant behavior is appropriate, the Court applies a "totality of the circumstances" approach. See United States v. Mikutowicz, 365 F.3d 65, 79 (1st Cir. 2004). The Court may consider, among other things, "the pecuniary gain to the defendant, charitable activities, prior good deeds, and efforts to mitigate the effects of the crime." United States v. Grandmaison, 77 F.3d 555, 563 (1st Cir. 1996). The Court may also, but is not required to, consider whether the defendant's actions were spontaneous and thoughtless. Id.

Defendant's participation in this scheme lasted at least two and one half years. Her actions in drafting the consulting agreement and the submission of the letter to the Ethics Commission were instrumental in the initial execution of the scheme. Indeed, Driscoll's changes to the consulting contract lead to the creation of the document which concealed the true nature of John Celona's relationship with RWMC. Thereafter, she consistently tasked Celona to take political actions which favored RWMC's, and her own personal, agenda. She took no efforts to mitigate the effects of her crime, and acted thoughtfully and deliberately throughout the scheme. Defendant's actions do not warrant a 8-level departure based on aberrant behavior.

**(3) The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment and Adequate Deterrence**

In fashioning a sentence that is reasonable, the Court is required pursuant to § 3553(a)(2)(A) & (B) to impose a sentence which reflects the seriousness of the offense, promotes respect for the law and provides just punishment and provides adequate deterrence. The calculated Guideline Range appropriately addresses all these factors. As discussed, the crime of honest services mail fraud undercuts public confidence in the State's elected officials. Paying a public official to take actions based on the interests of the entity paying him and hiding the attendant conflict from the public is completely at odds with the functioning of representative government -- that citizens elect public officials to act in the public's best interest. This case requires a sentence that addresses the harm perpetrated by the defendant upon the public trust. Any sentence imposed in this case must also be sufficient to deter other high-level executives from acting in the manner for which Defendant Driscoll stands convicted.

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Driscoll's motion for sentence outside the Guideline Range.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: January 29, 2007

LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division
luis.matos@usdoj.gov

DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-02T** |
| | : | |
| **ROBERT A. URCIUOLI and** | : | |
| **FRANCES P. DRISCOLL** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2007, I caused the Government's Memorandum in Support of its Objection to Defendant Driscoll's Motion to Sentence Below the Guideline Range and Supporting Memorandum to be hand delivered to:

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903