UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF ANY TESTIMONY OF JOHN CELONA OR, IN THE ALTERNATIVE, FOR SPECIFICATION OF, AND PRECLUSION OF, CELONA TESTIMONY THAT THE GOVERNMENT HAS ADMITTED IS NOT CREDIBLE OR RELIABLE.**

Fran Driscoll, by her attorneys, moves *in limine* to preclude introduction of any testimony by John Celona or, in the alternative, for specification and preclusion of testimony by John Celona which the government has acknowledged to be incredible or unreliable. Ms. Driscoll states her reasons more fully in the accompanying memorandum, which she incorporates herein by reference.

WHEREFORE, Ms. Driscoll asks that her motion be granted.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

/s/ Kevin Bristow
Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000

**CERTIFICATION**

I hereby certify that on the 7th day of May, 2008, a copy of this Memorandum was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF ANY TESTIMONY OF JOHN CELONA OR, IN THE ALTERNATIVE, FOR SPECIFICATION OF, AND PRECLUSION OF, CELONA TESTIMONY THAT THE GOVERNMENT HAS ADMITTED IS NOT CREDIBLE OR RELIABLE.**

**Preclusion of Celona's Testimony**

Everyone who has listened to John Celona's testimony to date has found it incredible. The first jury did not believe his testimony that Frances Driscoll entered a conspiracy with him and Robert Urciuoli to deprive the public of his honest services. Judge Torres stated on the record that it seemed to him that Celona "clearly exaggerated" the things he claimed to have done in furtherance of the alleged conspiracy. Tr. 9/29/06:47. According to Judge Torres, "certainly … there's some reason to think that he may have [misrepresented or lied] as well." *Id.*

The most compelling voice expressing disbelief in Celona's allegations, however, is the government's own. According to the prosecution:

- "Celona [has] lied in the past. … [T]he reason we went through so many of the documents during his testimony is because the one thing that John Celona said to you that you can probably all agree with, the documents don't lie." Closing argument during the first trial, Tr. 10/2/06:150-151 (copy attached as *App. C*).

- "[Celona] had to overly rely on documents or recorded testimony in order to answer questions accurately." *Motion for Downward Departure* at 3 (*MDD*), filed in *United States v. Celona,* 05-080T (D.R.I.)(copy attached as *App. D*).
- Celona "sometimes recalled events in such a way as to make it look better for himself." *Id.* at 4.
- Celona "lied to the FBI" about when and why he changed his vote on the Pharmacy Freedom of Choice legislation. *Id.* at 4-5.
- Celona gave the grand jury untrue ("mistaken") testimony about his interaction with the Ethics Commission, which was "representative of the way in which Celona sometimes attempted to explain his own behavior." *Id.* at 5.
- "Just prior to trial, Celona also recovered memories not previously disclosed to investigators." *Id.*
- "[A]t least some trial testimony [from the first trial], concerning when her first requested a job from Robert A. Urciuoli, contradicted prior statements and testimony. *Id.*
- "Celona admitted that he lied to his colleagues, his constituents, the Ethics Commission, the public and even to his accomplices." *Id.* at 6.

Ordinarily, issues of credibility are grist for the jury's mill, even when the witness is as questionable as John Celona. The situation is different, however, when the testimony is offered by the United States Government as a ground for depriving the defendant of her liberty, and *the government itself* has conceded that the witness is unworthy of belief. In such circumstances, the Supreme Court of the United States has held that the witness cannot be permitted to take the stand.

The controlling case is *Mesarosh v. United States,* 352 U.S. 1 (1956). In that case, the government had secured defendants' conviction for conspiracy to violate the Smith Act based on the testimony of seven witnesses, one of whom was a government informant named Joseph Massei. While the case was pending *certiorari* review, prosecutors learned that Massei had lied in other proceedings, giving rise to serious doubt concerning the truthfulness of his testimony in

the case at bar. Prosecutors maintained that they continued to believe that Massei's testimony in *Mesarosh* was "'entirely truthful and credible'", but asked that the case be remanded for a hearing to permit the trial court to assess Massei's credibility in light of the new evidence of his performance in other proceedings.

The United States Supreme Court would not countenance a remand. Only a reversal would suffice. "Mazzei's credibility has been wholly discredited by the disclosures of the Attorney General" as to his lack of truthfulness in other proceedings. *Id.* at 9. "The dignity of the United States Government will not permit the conviction of any person on tainted testimony." *Id.* This was true even though the government did not doubt the truthfulness of the testimony Mazzei had tendered in this case, and even though it was only parts, not all, of Mazzei's testimony in other proceedings that the government considered to be untrue. *Id.* at 10. "Mazzei, by his testimony, has poisoned the water in this reservoir, and the reservoir cannot be cleansed without first draining it of all impurity." *Id.* at 14.

*Mesarosh* thus stands for the proposition that the government may not call to the stand a witness whom it knows has testified untruthfully in other proceedings, where the government itself has publicly challenged the witness's credibility, whether or not the government still stands by that witness's testimony in the case at bar. *Mesarosh* retains modern vitality as a holding that "improve[s] the truth-finding process of the trial." *United States v. Williams,* 504 U.S. 36, 46 (1992). *Cf., United States v. Martorano,* 663 F.2d 1113, 1120 (1st Cir. 1981)(*Mesarosh* applies where government knows its witness lied in other proceedings).

The *Mesarosh* reasoning resonates here, where the officially-acknowledged taint is far stronger:

- The dishonesty at issue affects, not just one witness out of seven, but the star witness on which the government premised its entire case;
- The conceded lying / exaggerating / misrepresenting occurred in this case, not in some other proceeding;
- And, most critically, prosecutors here have expressed disbelief of their own witness in these very proceedings, not just their disbelief in him in relation to some other proceeding not before the Court.

"'The untainted administration of justice is certainly one of the most cherished aspects of our institutions. Its observance s one of our proudest boasts. … Therefore, fastidious regard for the honor of the administration of justice requires the Court to make certain that the doing of justice be made so manifest that only irrational or perverse claims of its disregard can be asserted.'" *Mesarosh, supra* at 14*,* quoting *Communist Party v. Subversive Activities Control Board,* 351 U.S. 115, 124 (1956).

*Mesarosh* mandates that Celona be precluded from testifying here. The government has acknowledged Celona's unreliability. It says that he "recalled events in such a way as to make it look better for himself." *MDD (App. D*) at 4. That means he recalled them untruthfully. It says Celona's grand jury testimony has proved untrue, and that this untruth is "representative" of Celona's behavior. *Id.* at 5. It says that Celona had to rely on documents in order to testify accurately, and that his testimony was contradicted by previous statements and documents. *Id.* at 3, 5. This means that his testimony unassisted by documents was unreliable. The government summed it up in its closing in the first trial: Celona lies; believe him only if he is backed by the documentary record. *App. C.*

"The government of a strong and free nation does not need convictions based upon such testimony." *Mesarosh, supra* at 14. Celona cannot take witness stand under *Mesarosh*. Frances Driscoll respectfully asks that this Court so hold.

**In The Alternative: Specification and Preclusion of Specific Untruths**

In the alternative, Ms. Driscoll asks that the government be required to specify the particular Celona statements that it knows to be false or unreliable, and that this Court preclude the government from offering those statements in evidence.

The government has acknowledged Celona's lack of honesty using general language that gives rise to serious doubt about some (unidentified) number of Celona's trial statements. For example, the government says that Celona "sometimes" recalled events in such a way as to protect himself. *MDD (App. D)* at 4. The government says that the untrue grand jury testimony is "representative" of the way in which Celona "sometimes" attempted to explain his behavior. *Id.* at 5.

These generalities must be based on particulars that the government has yet to divulge. What portion of Celona's testimony, for example, was inaccurate because Celona was attempting to protect himself? On what other occasions besides the grand jury testimony identified in *MDD* at 5 did Celona testify "mistakenly", given that the government believes that this one occasion was "representative" of a larger body of similar acts?

Ms. Driscoll is entitled to "untainted administration of justice." *Mesarosh, supra* at 14. *Mesarosh* counsels that government reliance on the testimony of an individual whom it has announced is capable of testifying untruthfully constitutes "pollution of the waters of justice", not its "untainted administration." *Id. See also, Napue v. Illinois,* 360 U.S. 264, 269 (1959)("[A] conviction obtained through use of false evidence, known to be such by representatives of the

State, must fall under the Fourteenth Amendment."). Ms. Driscoll therefore asks that this Court require the government to identify these particular portions of Celona's testimony so that they may be excluded from trial.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

/s/ Kevin Bristow

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000

**CERTIFICATION**

I hereby certify that on the 7th day of May, 2008, a copy of this Motion and Memorandum in Limine to Preclude Introduction of Testimony, etc. was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen