UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MOTION *IN LIMINE* FOR PRELIMINARY INSTRUCTION OF THE JURY**

Defendant Frances P. Driscoll, by her attorneys, hereby moves *in limine* for a preliminary instruction of the jury delineating the following matters:

1. The distinctions under Rhode Island law between the responsibilities of a public official and the responsibilities of a private party who deals with the public official.

2. The distinctions under Rhode Island law between conflicts which bar a legislator from official activity in a certain area, R.I.G.L. §§ 36-14-5(a), 36-14-7(b), and those conflicts which allow continued official activity upon the filing of a notice under R.I.G.L. § 36-14-6.

3. The distinctions between honest services mail fraud predicated on a quasi-bribery allegation and one predicated upon non-disclosure of a conflict of interest resulting in financial gain.

Defendant states her reasons more fully in the accompanying memorandum which is hereby incorporated into this motion.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

/s/ Kevin Bristow

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000

**CERTIFICATION**

I hereby certify that on the 7th day of May, 2008, a copy of this Motion For Preliminary Instruction of the Jury was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04(ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* FOR PRELIMINARY INSTRUCTION OF THE JURY**

In *United States v. Urciuoli,* 513 F.3d 290 (1st Cir. 2008), the First Circuit Court of Appeals recognized that the mail fraud statute's "application to political misconduct and corruption, as opposed to ordinary private fraud . . . has been especially fraught." *Id.* at 293-294. "[A]s one moves beyond core misconduct covered by the statute (*e.g.,* taking a bribe for a legislative vote), difficult questions arise." *Id.* In these circumstances, there is a need for "cabining the statute – a serious crime with severe penalties – lest it embrace every kind of legal or ethical abuse remotely connected to the holding of governmental position." *Id.*

This case presents a uniquely difficult problem. John Celona was paid as a consultant by Roger Williams Realty, a wholly owned subsidiary of Roger Williams Medical Center. The record establishes that he in fact did substantial work on elderly outreach, the function for which he was hired. At the same time, the record shows that hospital officials, including Ms. Driscoll, communicated with Celona on matters of political interest to RWMC. These matters, with a possible single exception which was revenue-neutral, all related to legislation that fell within the class exception created by R.I.G.L. § 36-14-7(b).

No one doubts that it is illegal to pay a legislator to influence an official decision, regardless of whether or not that decision relates to legislation falling within the class exception.

On the other hand, under Rhode Island law, a legislator may continue to function in his/her official capacity regarding legislation affecting the financial interests of his/her employer, so long as the impact on the employer is no greater than on other entities falling within the class. § 36-14-7(b). Hence, under Rhode Island law, it is not illegal to employ a legislator and then communicate with that legislator on matters of political interest, notwithstanding the legislator's conflict. It is up to the legislator, not the private party, to determine whether a conflict exists, and whether it is one which requires recusal by the legislator, or simply filing a notice under R.I.G.L. § 36-14-6.

In *United States v. Sawyer,* 85 F.3d 713, 741 (1st Cir. 1996), the First Circuit observed that "where the difference between lawful and unlawful turns primarily on intent, and the lawful conduct is itself most unattractive," the jury must be told precisely what activity violates the statute and what activity does not. "Clear, accurate, easily understood jury instructions are 'vitally important in assuring that jurors grasp subtle or highly nuanced legal concepts.'" *United States v. Woodward,* 149 F.3d 46, 69 (1st Cir. 1998), quoting *United States v. DiStefano,* 59 F.3d 1, 4 (1st Cir. 1995).

Applying these concepts here, this Court should, at a minimum, instruct the jury prior to its hearing of evidence in the following areas:

1. The distinctions under Rhode Island law between the responsibilities of a public official and the responsibilities of a private party who deals with the public official.

2. The distinctions under Rhode Island law between conflicts which bar a legislator from legislative activity in a certain area, §§ 36-14-5(a), 36-14-7(b), and those conflicts which allow continued political activity upon the filing of a notice under R.I.G.L. § 36-14-6.

3. The distinctions between honest services mail fraud predicated on a quasi-bribery allegation and one predicated upon non-disclosure of a conflict of interest resulting in financial gain.

These instructions are particularly important where, as here, the Indictment as written includes not only bribery-like allegations, but also accusations premised on conflict of interest. Even the government has recognized as much. *United States v. Kramer,* CR 07-09-01 (ML), Transcript of April 15, 2008 at p. 34-36.

The motion should be granted.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

/s/ Kevin Bristow

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000

**CERTIFICATION**

I hereby certify that on the 7th day of May, 2008, a copy of this Memorandum in Support of Motion For Preliminary Instruction of the Jury was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen