# APPENDIX A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * *

UNITED STATES OF AMERICA C.R. NO. 05-80 T

VS.

PROVIDENCE, R.I.
AUGUST 25, 2005

JOHN A. CELONA

* * * * * * * * * * *

BEFORE CHIEF JUDGE ERNEST C. TORRES
(Change of Plea)

APPEARANCES:

FOR THE GOVERNMENT: GERARD B. SULLIVAN, ESQ.
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903
401-709-5000

FOR THE DEFENDANT: WILLIAM C. DIMITRI, ESQ.
462 Broadway
Providence, RI 02903
401-331-1898

Court Reporter: JOSEPH A. FONTES
One Exchange Terrace
Providence, RI 02903
401-273-0344

Proceeding reported and produced by computer-aided stenography

those companies.

On November 17, 2003, after the media became interested, the defendant sent a letter to the Ethics Commission stating that he had been asked to undertake a future business activity for the communications company, which company did not do business with the State of Rhode Island, but he knew that he was already receiving money. He knew where the money was coming from. And he knew that the health insurance company did business with the state. To bolster this position with the Ethics Commission, on December 8, 2003, the communications company issued a press release stating that the defendant had been asked to assist in developing some new concepts, but had only been paid out-of-pocket expenses. The defendant reviewed and approved that release, press release, prior to its release. The defendant knew that the information was false and misleading because he had already been regularly paid money by the communications company from money supplied by the health insurance company. He had helped the health insurance company with legislative matters without declaring conflicts of interest, and public disclosure of the true facts would be harmful to the health insurance company, the communications company, and the defendant.

The very next day, on December 9, 2003, the defendant appeared before the Ethics Commission. He told

them that all the questions resolving his relationship with those two companies had been cleared up by the press release. But he knew the press release to be false. And then he outright lied to the Commission by stating that he had performed minor services for which he had not been paid anything. In truth, between December 2 and October -- between December 2002 and October 2003, the defendant was paid $13,565 by the communications company with money supplied by the health insurance company in 12 checks, some of which were sent through the United States mails. The defendant did not disclose his financial relationship with the communications company or the health insurance company to the citizens of Rhode Island or to the Ethics Commission, including on his 2002 yearly financial statement. The charged mailing sent to execute this scheme was a letter sent on November 18, 2003 from the Rhode Island Ethics Commission to the defendant relative to the defendant's request for an advisory opinion, which the defendant caused to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service. Again, the defendant admits his participation and intent to defraud. Thank you.

THE COURT: Mr. Celona, would you stand up, please? Did you hear everything that Mr. Sullivan said?

THE DEFENDANT: Yes, your Honor.

A-3