# APPENDIX E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09-01 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF EXCULPATORY AND IMPEACHMENT INFORMATION**

## I. Introduction

Defendants John Kramer and Carlos Ortiz have filed a motion to compel: (1) production of agents' notes, and (2) identification of statements made by John Celona ("Celona") that are lies ("motion to compel"). Specifically, defendants request that the United States: (1) produce the handwritten notes of all the agents who interviewed Celona on nine separate occasions; and (2) identify all specific statements that Celona made that can be characterized as lies.

The United States agrees, as is evident under applicable law, that it must provide exculpatory and impeachment evidence. The United States has complied with and continues to comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and Giglio v. United States, 405 U.S. 150 (1972). The United States is also cognizant of its continuing obligation to produce exculpatory evidence should it become aware of such. However, as explained below, there is no legal requirement that the United States produce the categories of documents demanded by the defendants. Instead, through these motions, defendants seek inappropriate access to government notes and work product in order to conduct their own

as truthful or untruthful. Both requests were denied for reasons of principle and precedent. The United States just should not, as a matter of course, produce agent notes and even if the United States could divine the truth with absolute certainty to characterize witness statements as truthful or untruthful and were required to do so, it would be unwise to make the attempt. That is, after all, the purpose of a trial by jury. Those are the two issues now before the Court.

## III. Argument

### A. The Government's Discovery Obligations

The United States is well aware of its Brady obligations and has provided discovery in this matter in compliance with its obligations under Brady and Giglio, and in accordance with this Court's pre-trial order. However, neither Brady nor Giglio requires the government to respond to the remaining two discovery requests that defendants seek to compel.

The First Circuit has read Brady and Giles v. Maryland, 386 U.S. 66 (1967) to "require fair use of evidence by the prosecutor, accompanied by a duty to disclose evidence materially favorable to the defendant." United Sates v. DeLeo, 422 F.2nd 487, 498 (1st Cir. 1970). However, the First Circuit has "not read those cases to authorize extensive pre-trial discovery by the defendant." Id. (emphasis in original); see also United States v. Woodward, 154 F.Supp. 83, 88 (D. Maine 2001) (Brady establishes no general right of discovery and creates no pretrial remedies). Brady does not require that the Government provide everything that may be interesting or useful to defense counsel, nor does it mandate disclosure of all the facts that might be viewed as favorable to a defendant without regard for its significance. United States v. Bagley, 473 U.S. 667, 675 n.7 (1985) ("a rule that the prosecutor commits error by any failure to



E-2