**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02ML |
| | : | |
| ROBERT A. URCIUOLI, and<br>FRANCES P. DRISCOLL. | :<br>: | |

**UNITED STATES' RESPONSE TO DEFENDANT DRISCOLL AND URCIUOLI'S MOTIONS TO PRECLUDE TESTIMONY OF JOHN CELONA OR FOR ALTERNATIVE RELIEF**

Defendants Frances Driscoll and Robert Urciuoli have both moved to preclude the testimony of John Celona or for alternative relief. For the reasons stated in the accompanying memorandum of law filed simultaneously herewith, defendants' motions are without merit -- the United States has not knowingly, and does not intend to knowingly, elicit perjured testimony. The United States, nonetheless, advises the Court that it presently does not intend to call John Celona to testify at trial in its case in chief provided that: (1) defendants stipulate to the introduction of the documents to which John Celona testified during the first trial in this matter; and, (2) defendants stipulate to the fact that the checks which support Counts 2 through 38 were delivered by the United States mail. If defendants do not so stipulate and if alternate, streamlined, means to the introduction of the documents and the mailing prong of the mail fraud statute are not available, the United States reserves is right to call John Celona. The United States also reserves its right to call John Celona as a rebuttal witness.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02ML |
| | : | |
| ROBERT A. URCIUOLI, and | : | |
| FRANCES P. DRISCOLL. | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT DRISCOLL AND URCIUOLI'S MOTIONS TO PRECLUDE TESTIMONY OF JOHN CELONA OR FOR ALTERNATIVE RELIEF**

Defendants Frances Driscoll and Robert Urciuoli have both moved to preclude the testimony of John Celona and for alternative relief. Driscoll filed an initial motion in limine on May 7, 2008, and a supplemental motion on June 13, 2008. Urciuoli has joined in Driscoll's motions.

Defendants' motions are without merit because the United States has not knowingly elicited, and does not intend to knowingly elicit, perjured testimony. The United States, nonetheless advises the Court that it presently does not intend to call John Celona to testify at trial in its case in chief provided that: (1) defendants stipulate to the introduction of the documents to which John Celona testified during the first trial in this matter; and, (2) defendants stipulate to the fact that the checks which support Counts 2 through 38 were delivered by the United States mail. If defendants do not so stipulate and if alternate, streamlined, means to the introduction of the documents and the mailing prong of the mail fraud statute are not available, the United States reserves is right to call John Celona. The United States also reserves its right to call John Celona as a rebuttal witness.

**I. DISCUSSION**

Defendant Driscoll argues that John Celona cannot be permitted to take the stand in this case because he is unworthy of belief. In support she cites what she claims to be examples of Celona's lies and the Government or the Court's conclusions that Celona has lied. In many instances, Driscoll omits the context in which the statements were made or overstates the conclusions to be drawn.

The Government has complied with its Brady and Giglio obligations in this case. For instance, during trial preparation for the first trial in this case, Celona advised the Government about a meeting with Robert Urciuoli that had previously not been disclosed. The Government immediately advised defendants of the revelation upon learning of it from Celona prior to trial. The United States also fully advised the Court and jury during the first trial of statements which Celona admitted were lies (relating to the CVS case). In addition, at his sentencing, and in support of its motion for a downward departure pursuant to U.S.S.G. § 5K, the United States fulfilled its duty of candor to the Court by attempting to evenly and fairly represent the level of Celona's cooperation to the Court.

Nonetheless, Driscoll states that United States v. Mesarosh, 352 U.S. 1 (1956), requires the preclusion of testimony by Celona. Mesarosh involved a paid informer who had testified for the government concerning activities of a Communist conspiracy in a Smith Act conspiracy. Not "all cases involving some perjured testimony necessarily require new trials," or in this case, preclusion of testimony. See United States v. Krasny, 607 F.2d 840, 844 (9th Cir.1979). Rather, "the principles ... in Mesarosh are limited in application to ... rare cases ...." Id. at 845. This is not one of those rare cases. In this case, there is ample evidence to corroborate the material

aspects of Celona's testimony, hence the relief sought by defendants is not warranted. See Krasny, 607 F.2d at 844-45.

Moreover, there has been no finding that Celona perjured himself in this case, or in the recently concluded Kramer and Ortiz case. "**It is axiomatic that inconsistent testimony is not *per se* perjurious**." United States v. Gary, 74 F.3d 304, 314 (1st Cir. 1996)(emphasis added). "A witness testifying under oath or affirmation [commits perjury] if [h]e gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 95 (1993). The definition of perjury has remained consistent for "over a century." Id. Further, "inconsistent testimony is not *per se* perjurious." Gary, 74 F.3d at 314 (emphasis in original). See also United States v. Tavares, 93 F.3d 10, 14 (1st Cir. 1996) ("Inconsistent testimony by itself does not amount to perjury . . . .").

The fact that a defendant's trial testimony differs, for example, from his grand jury testimony "does not warrant the inference that the government knowingly introduced perjurious testimony." United States v. Hemmer, 729 F.2d 10, 17 (1st Cir. 1984); cf. United States v. Lebon, 4 F.3d 1, 2 (1st Cir. 1993) (per curium) ("The fact that a witness contradicts herself or charges her story does not establish perjury."). In Gary the defendant was tried twice, his first proceedings ended in a mistrial. 74 F.3d at 307-08. At Gary's second trial, tried before this Court, one of the government's witnesses testified differently than he had at the first trial. Because the witness's testimony between the first and second trial was inconsistent, on appeal, Gary contended that the witness's testimony was perjurious. Id. at 314. While noting that the witness's testimony at the second trial "differ[ed] in a troubling way from that given at the first trial" and that the witness's

proffered explanation for the inconsistency was "weak," the Circuit declined Gary's "invitation to make a finding of willful intent to provide false testimony based solely on inconsistency." Id. at 314.

This Court has certainly expressed concerns about Celona's testimony in the Kramer and Ortiz trial. The Court did not, however, find that Celona perjured himself when it ruled upon Kramer and Ortiz's motions for a mistrial because they claimed that the government had knowingly suborned perjured testimony. Hence, there is no reason for the drastic remedy requested by defendants in this case.

Nonetheless, the United States presently does not intend to call John Celona to testify at trial in its case in chief provided that: (1) defendants stipulate to the introduction of the documents to which John Celona testified during the first trial in this matter; and, (2) defendants stipulate to the fact that the checks which support Counts 2 through 38 were delivered by the United States mail. If in moving to preclude Celona's testimony, defendants' concern is that the judicial process not be "polluted" by John Celona's presence in the courtroom, Driscoll Supp. Mem. at 8, we presume that defendants will agree to the stipulations, especially since the documents have been previously admitted.

## II. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendants' Motions to preclude John Celona's testimony because the relief requested is inappropriate. However, the United States nonetheless does not intend to call John Celona except under the limited circumstances noted above.

Respectfully submitted,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on June 18, 2008, I electronically filed this Objection with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Robert Flanders, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

/s/ Dulce Donovan