UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04L |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S RESPONSE TO UNITED STATES' OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION *IN LIMINE* FOR LIMITING INSTRUCTIONS REGARDING RESCUE RUNS**

Defendant Robert Urciuoli has moved *in limine* for limiting instructions in the event that the government offers, and this Court admits, evidence that Senator John Celona attempted to increase rescue runs to Rhode Island Hospital. The government's response is twofold: First, it announces that it intends to place evidence of John Celona's work on rescue runs at the center of its case, notwithstanding the conclusion of the First Circuit Court of Appeals that "the ambulance run advocacy with the mayors cannot qualify as a deprivation of the 'honest services' owed to the public." *United States v. Urciuoli,* 513 F.3d 290, 295 (1st Cir. 2008). *United States' Memorandum in Support of Objection to Defendant Robert Urciuoli's Motion in Limine For Limiting Instructions Regarding Rescue Runs (USM)* at 1-2. Second, the government argues that it will offer the rescue run evidence only for a limited purpose, and therefore that limiting instructions are not warranted. *USM* at 2.

The government's argument on the instruction issue disproves itself. If the government is offering this evidence only for a limited purpose – in the government's words, to prove "the relationship" between Roger Williams Medical Center and not "as conduct which constitutes a deprivation of honest services", *USM* at 2 – then that is a reason – indeed, an overwhelming

reason – *for* giving a limiting instruction, not a reason against. Limiting instructions ensure that the jury considers such evidence only for the limited purpose for which it was offered and admitted.

The government concedes, as it must, that there are uses to which this evidence could be put (uses to which, for example, the trial judge permitted the jury to put it in the first trial), that are no longer acceptable in light of *Urciuoli, supra*. A limiting instruction is *ipso facto* not only appropriate, it is required. The jury in an honest services case must have a clear understanding of where the alleged honest services deprivation leaves off and evidence relating to lawful activity begins. The First Circuit identified a minimum starting point: the fact that "the rescue run lobbying of mayors was not a crime even if the facts are taken most favorably to the government." *Urciuoli, supra* at 296. If this evidence is to be used at all, the jury cannot be left to guess whether these activities were somehow inappropriate or unlawful for a state senator to be undertaking.

As to the government's broader assertion that this evidence will be admissible to prove a key element of the government's case at trial (*USM* at 1-2); the question of the purpose and admissibility of the rescue run evidence is not on the table here. Mr. Urciuoli's motion concerned only whether instructions would be required in the event that this evidence was offered and admitted. Ms. Driscoll anticipates filing a motion *in limine* regarding the admissibility of the rescue run evidence, and respectfully requests that she be permitted to defer her discussion of this issue until that motion is filed.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308

**CERTIFICATION**

I hereby certify that on the 17th day of July, 2008, a copy of this Response was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen