UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MOTION *IN LIMINE***
**TO EXCLUDE RESCUE RUN EVIDENCE**

Frances P. Driscoll, by her attorneys, moves *in limine* under F.R.Crim.P. 12 to exclude all evidence relating to John Celona's activities in regard to the rescue runs. This evidence is not relevant to any material fact in issue. In the alternative, its relevance is outweighed by its potential for unfair prejudice.

Ms. Driscoll states her reasons more thoroughly in the accompanying memorandum, which is hereby incorporated into this motion.

Ms. Driscoll requests brief oral argument on this motion.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 15th day of August, 2008, a copy of this Motion was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE RESCUE RUN EVIDENCE**

Frances P. Driscoll has moved *in limine* to exclude all evidence relating to John Celona's activities in regard to rescue/ambulance runs to Roger Williams Medical Center ("RWMC"). The government has stated on various occasions that it intends to introduce this evidence in order to show the "relationship" among RWMC, the defendants and Celona. *See Government's Objection to Motion in Limine* (Docket No. 313) at p. 1; *United States' Memorandum in Support of Its Objection to Defendant Frances Driscoll's Motion to Strike Certain Allegations From the Indictment* (Docket No. 301) at p. 3.

The First Circuit Court of Appeals has stated without equivocation "that the ambulance run advocacy with the mayors cannot qualify as a deprivation of the 'honest services' owed to the public." *United States v. Urciuoli,* 513 F.3d 290, 295 (1st Cir. 2008). This being so, the rescue run evidence cannot be admitted to establish a deprivation of honest services.

In its recent filings, the government has suggested an alternative basis for its admission: that "Celona's work on the ambulance runs demonstrates Urciuoli's and Driscoll's concealment of Celona's relationships to RWMC, an integral part of the honest services fraud case against them." Docket No. 301 at p. 3. It is also stated that this evidence is "relevant to explain the true nature of the relationship" among the various parties involved. Docket No. 313 at p. 1. This

rationale presupposes that Celona, and derivatively, the defendants, had some obligation to include the rescue run advocacy in an ethics advisory request which focused on the core of Celona's activities: his elderly outreach. For the reasons stated in *Frances P. Driscoll's Memorandum in Support of Her Motion in Limine For Cautionary Instruction on Ethics Advisory Request Or, In the Alternative, For Exclusion of Evidence* (filed contemporaneously with this motion), no such requirement exists. To the contrary, a public official is free to pick and choose the subjects on which s/he seeks an advisory opinion. Consequently, no fair inference of culpable conduct can be drawn from the omission of the rescue run work from the ethics advisory request.[1]

Further, as discussed at length in the various motions *in limine,* the government has now committed itself to a *quid pro quo* bribery theory. Given this election, its evidence must focus on the terms of the agreement between Celona and the defendants, and not on any alleged failure to disclose a conflict of interest to the Ethics Commission. On a bribery theory, evidence of an alleged conflict would become relevant only after an impermissible pyramiding of inferences. First, from the omission of the rescue runs, the government would have to ask the jury to infer an intention to conceal the identity of Celona's employer (RWMC). Then, from this intention to conceal, it would have to piggy-back a second inference of a further intention to pay Celona for illicit activity on behalf of this employer completely independent of the rescue runs. Alone, each inference (particularly the second) is of doubtful quality. Pyramided one on the other, they are even less probative of the existence of the ultimate fact (bribery using a sham contract). *See* F.R. Evid. 401.

---

[1] As for the assertion that this evidence tends to prove the "relationship" among the parties, Docket No. 313 at p. 1, defendant is uncertain what this means insofar as it is different from the deception rationale discussed above. But whatever it may mean, it is subject to the same objection.

Finally, even if the government can show some minimal relevance for this evidence, the risk of unfair prejudice precludes its admission. *See* F.R. Evid. 403. The terms and components of honest services fraud are difficult enough to understand without asking the jury to make an additional distinction between evidence admissible to prove deceit, but not admissible to prove deprivation of honest services. Confusion on this point could well lead to a mistrial.

The motion *in limine* should be granted.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 15th day of August, 2008, a copy of this Motion was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen