UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) CR. No. 06-02-04 (ML)
)
ROBERT A. URCIOLI, )
FRANCES P. DRISCOLL, and )
ROGER WILLIAMS MEDICAL CENTER )

**FRANCES P. DRISCOLL'S MOTION *IN LIMINE* FOR CAUTIONARY INSTRUCTION ON ETHICS ADVISORY REQUEST OR, IN THE ALTERNATIVE, FOR EXCLUSION OF EVIDENCE**

Frances P. Driscoll, by her attorneys, moves *in limine* under F.R.Crim.P. 12 for a cautionary instruction to the jury that outlines the nature and limitations of an ethics advisory request filed under R.I.G.L. § 36-14-11. Proposed Instruction attached as *Exhibit A*. This instruction is necessary because the government is asking the jury to infer a culpable state of mind based on the failure to inform the Ethics Commission of political activities that are not appropriate subjects for an ethics advisory request under the applicable statute. Further, for those matters susceptible to advisory requests, the rescue runs, for example, the law does not impose any obligation of disclosure, much less full disclosure of all aspects of a public official's business affairs. Absent a cautionary instruction, the jury could be misled into believing that the alleged failure to disclose all prior activity of John Celona was in and of itself wrongful. In the alternative, defendant requests that this evidence not be admitted at all on the ground that its probative value would be outweighed by the unfair prejudice under F.R.Evid. 403.

Ms. Driscoll states her reasons more thoroughly in the accompanying memorandum, which is hereby incorporated into this motion.

Ms. Driscoll requests brief oral argument on this motion.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com
Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 15th day of August, 2008, a copy of this Motion was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MEMORANDUM IN SUPPORT OF HER MOTION *IN LIMINE* FOR CAUTIONARY INSTRUCTION ON ETHICS ADVISORY REQUEST OR, IN THE ALTERNATIVE, FOR EXCLUSION OF EVIDENCE**

Frances P. Driscoll has filed a motion *in limine* seeking a cautionary instruction in the form attached to the motion which tells the jury (1) that Rhode Island law does not authorize the filing of ethics advisory requests regarding prior political interactions with a citizen, even one who may be an employer of a public official; and (2) that a person seeking an advisory opinion does not violate the law simply because s/he fails to describe all of her/his business activity in the ethics advisory request.

R.I.G.L. § 36-14-11 authorizes the Ethics Commission to issue advisory opinions on the requirements set forth in Chapter 14 of Title 36. These requirements address the conflicts of interest integral to a part-time legislature where its members have outside jobs which are often affected by the legislation they consider and enact. *See* R.I.G.L. §§ 36-14-5 (Prohibited Activities), 36-14-6 (Statement of Conflict of Interest), 36-14-7 (Interest in Conflict with Discharge of Duties). The evident purpose of the ethics advisory system is to permit a public official to determine in advance whether s/he may act upon a particular piece of legislation given his or her private business affairs. As Katherine D'Arezzo, Senior Staff Attorney at the Rhode Island Ethics Commission, testified at the prior trial, ethics advisories "only relate to future

conduct, and the Commission cannot opine as to past conduct." Tr. 9/12/06:117 (transcript excerpts attached as *Exhibit B*).

Section 36-14-11 is not a disclosure statute. It empowers the Commission to extend a service to public officials (and derivatively, the Rhode Island public) by allowing an advance assessment of conflict questions. A person who takes advantage of this system, and obtains an advisory opinion on a particular activity or activities, cannot be later disciplined for these activities, assuming that all material facts were disclosed. § 36-14-11(c). If a person does not seek an ethics advisory on a particular activity, or fails to disclose all material facts, then s/he will not be able to claim the protection of an advisory opinion. *Id.* This is the only effect of a non-disclosure.

At the first trial of this matter, the government stressed that, at the time Roger Williams' outside counsel, James McGuirk, submitted a request to the Ethics Commission seeking an opinion about the conflicts which might be engendered by John Celona's position as a consultant to The Village at Elmhurst ("Village"), a wholly-owned subsidiary of Roger Williams Medical Center ("RWMC"), Celona had already performed work for RWMC relating to rescue runs and, further, had communicated by fax with Ms. Driscoll on two political matters of interest to RWMC: a proposed Alzheimer bill and a proposed Hospital Conversion bill. These activities of Celona's were not disclosed to McGuirk and therefore could not be revealed by him to the Commission.

These allegedly duplicitous omissions formed the centerpiece of the government's claim of honest services fraud at the first trial – regardless of the name the government placed on its legal theory: bribery, undue influence, or non-disclosure of a material conflict of interest. *See* Tr. 10/2/06:19, 45-46, 148-149, 153 (government's closing arguments). Presumably its case

against Ms. Driscoll at the upcoming trial will remain largely the same (albeit without testimony from Celona), with the government asking the jury to infer that at least a portion of Celona's consulting fees were paid to obtain political services. As it did previously, the government will likely suggest that this inference is warranted largely because of defendants' supposed duplicity in failing to inform the Ethics Commission of Celona's work for RWMC on the rescue runs and about his prior political communications.

Any fair consideration of this argument requires the jury to understand the nature and limitations of an ethics advisory request filed under § 36-14-11. As noted *supra*, the ethics advisory system is designed to permit public officials to obtain a determination of the legal import of conflicts created by their private business relations. *Id.* If, however, an activity is political in nature, not financial, the Commission has no role to play. A public servant does not need to seek the Commission's leave to speak with a constituent on political affairs. To the contrary, every Rhode Islander has a constitutionally-protected right to petition members of state government for a redress of grievances. U.S. Const. Amend. I; R.I. Const. art. 1, § 21; *Hometown Properties, Inc. v. Fleming,* 680 A.2d 56 (R.I. 1996); *Cove Road Development v. Western Cranston Industrial Park Associates,* 674 A.2d 1234 (R.I. 1996). Such communications are not subject to prior restraint in the form of an ethics advisory or by anyone else. Indeed, any system which vetted political communications with a legislator would likely violate the First Amendment. *Id.*

As applied here, if (as the defense contends) the fax communications with Celona regarding the Alzheimer's legislation and the Hospital Conversion bill were political communications, then there would be no reason whatsoever to tell the Ethics Commission about them. Only if (as the government contends) this activity was commercial in nature, *i.e.,* illegally

bought political activity, could they form a basis for an advisory request.[1] Consequently, the failure to inform Mr. McGuirk (and derivatively the Commission) about these communications is proof of innocence, not guilt, that is, the defendants viewed these communications as political interactions, not activities which were purchased by Celona's consulting contract.

A jury must understand this dichotomy between private business (which may spark an ethics advisory request) and public political discourse (which does not) when it considers any claim by the government that the ethics advisory request at issue in this case is evidence of criminal activity. Otherwise, it may be gulled into believing that the failure to mention the Alzheimer and Hospital Conversion activity was somehow culpable in and of itself.

Moreover, even if there were a reason to inform the Ethics Commission of prior political conversations with Celona (and there is not), the import of the failure to include these conversations and (more realistically) the rescue runs activity in an ethics advisory request can only be determined if the jury understands the legal rights and responsibilities involved with seeking an advisory opinion. The issue is what inference can fairly be drawn from the omission of a particular activity or fact. And an accurate answer to this question depends on an understanding of how the advisory system works.

The omission of material facts in a voluntary advisory system was recently discussed in the case of *United States v. Safavian,* 2008 U.S.App. LEXIS 12691 (D.C. Cir.). Mr. Safavian had been charged with falsifying and concealing material facts in violation of 18 U.S.C. § 1001(a)(1) based on material omissions in an ethics advisory request he lodged with the General Service Administration's General Counsel. The D.C. Circuit observed that the government's case for unlawful concealment was predicated upon an assumption that the ethics advisory

---

[1] The hypothetical is, of course, absurd. Being obviously illegal, no legislator would ever seek an advisory opinion on whether he could take money for political activity.

system created a legal duty to disclose material facts. The law, however, was otherwise: "The government essentially asks us to hold that once an individual starts talking, he cannot stop. We do not think § 1001 demands that individuals choose between saying everything and saying nothing." *Id.* at *19-20. To the contrary, the Circuit concluded a voluntary system of ethics advisories creates no duty to disclose and consequently Safavian's failure to disclose even highly material facts could not be in and of itself criminal.

*Safavian* was an extreme case. The defendant omitted critical facts from his advisory request, leading to a reasonable, even strong inference of deliberate deception. But the legal bottom line was clear: where there is no legal obligation of disclosure, it cannot be illegal for someone to fail to inform the Commission of any given facts, even material facts.

This case presents a far less egregious situation. The advisory request identified one kind of activity – elderly outreach – but not another – rescue runs. Under Rhode Island's advisory system, it is not inherently wrong to seek an opinion regarding an ethics opinion regarding one type of business activity and not another. It merely limits the scope of protection afforded by the ensuing opinion. There are any number of innocuous reasons why an advisory request might not include all of an official's business activities. If, for instance, someone were to view Celona's rescue run work as limited in scope and unlikely to persist, while his anticipated work on elderly outreach would be ongoing and substantial, then the latter might be made the subject of an ethics advisory request but not the former.[2]

The point here is a basic one. The government should not be permitted to suggest or assert that there is something inherently wrong with failing to include all business activity in an

---

[2] Parenthetically, Celona was sanctioned by the Ethics Commission for his activities relating to CVS and Blue Cross/Blue Shield, but not for Roger Williams. Ethics Commission *Decision and Order* of August 22, 2006.

ethics advisory request. This would be willfully misleading. It is certainly free to argue that particular omissions, given their particular nature and circumstances, are circumstantial evidence of unlawful conduct. But the jury must be allowed to assess this claim against its true legal context which does not require disclosure of all business activity, material or otherwise.

If such a cautionary instruction is not given to the jury, then the unfair prejudice of this evidence will substantially outweigh its probative value and hence its exclusion would be required under F.R. Evid. 403.

The motion *in limine* should be granted.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 15th day of August, 2008, a copy of this Motion was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen