UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S ADOPTION OF AND RESPONSE TO MOTIONS OF CO-DEFENDANT, ROBERT A. URCIUOLI**

Frances P. Driscoll hereby gives notice that she adopts and incorporates by reference the following motions filed by co-defendant, Robert A. Urciuoli:

1. Robert A. Urciuoli's Trial Brief on the Limits of an Honest Services Mail Fraud Prosecution and the Need for a State Law Instruction.

2. Robert Urciuoli's Motion in limine to Exclude All Evidence of Alleged Concealment and For Instruction of the Jury.

3. Robert A. Urciuoli's Motion in Limine to Exclude Opinions and Other Incompetent Testimony of Katherine D'Arrezo.

4. Robert A. Urciuoli's Motion in Limine to Exclude Misleading Questions and Argument.

5. Robert A. Urciuoli's Motion in Limine to Limit Use of Report by F. Dennis Saylor and To Preclude the Honorable Dennis Saylor From Testifying.

As to *Robert A. Urciuoli's Motion in Limine to Exclude Impermissible and Irrelevant Opinion Testimony of Attorney James McGuirk,* Ms. Driscoll takes no position except that any ruling on this motion should not bar Mr. McGuirk from testifying to Ms. Driscoll's opposition to hiring John Celona and her expressed hope that the Ethics Commission might preclude him from performing any significant work for the Roger Williams entities. In the previous trial of this case, Mr. McGuirk testified as follows:

Q. And where did – what was the next conversation you had with Frances Driscoll after the meeting in Robert Urciuoli's office?

A. I told her I thought it was a bad idea, and she agreed but that Bob looked committed to it.

Tr. 9/20/06:205

* * * *

Q. Are you also certain, though, at some point in that same time frame she said to you directly that she did not think it was a good idea to hire Mr. Celona?

A. She did.

Tr. 9/21/06:179

* * * *

Q. Do you remember Mrs. Driscoll saying to you, maybe they'll [the Ethics Commission] only let him go to Bingo nights? Do you remember her saying that?

A. She might have said something like that.

Tr. 9/21/06:181

This evidence is directly relevant to Ms. Driscoll's state of mind at a critical time and is admissible under F.R. Evid. 803(3). If this Court were to determine that Mr. McGuirk's testimony in this area must be excluded in its entirety for the reasons stated by Mr. Urciuoli, Ms. Driscoll would renew her previously-filed motion for relief from prejudicial joinder.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 22nd day of August, 2008, a copy of this Notice was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen