UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE FOR LIMITING INSTRUCTION ON MAIL FRAUD AND CONSPIRACY EVIDENCE**

Defendant Frances Driscoll has moved the Court *in limine* for limiting instruction on mail fraud and conspiracy evidence. The United States objects to defendant Driscoll's request. The bases for the United States' objection are detailed in the accompanying memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE FOR LIMITING INSTRUCTION ON MAIL FRAUD AND CONSPIRACY EVIDENCE**

## I. Introduction

Defendant Frances Driscoll has moved the Court *in limine* for limiting instruction on mail fraud and conspiracy. She asks the Court to instruct the jury that it may consider Count 2 only as charging her with aiding and abetting the scheme to defraud. She claims that such an instruction is appropriate because it necessarily excludes from the jury's consideration all facts which were decided in her favor at the first trial.

The United States objects to defendant Driscoll's request because, quite simply, she has not been acquitted of mail fraud, and thus, there is no basis to limit the jury's consideration of the case against her. As Driscoll herself acknowledges, since "no one knows how the first jury drew the distinctions it did," Driscoll Omnibus Response Mem. at 13, it is impossible to know what facts the jury found in Driscoll's favor when it acquitted her on the conspiracy charge. In this case, the jury will be instructed that Driscoll is not charged with conspiracy, and that the

evidence at trial may only be considered in relation to whether she is guilty of mail fraud. No further instruction is warranted.

## II. Argument

Defendant Driscoll has been acquitted of conspiracy. Despite her previous acknowledgment that "[n]o one knows how the first jury drew the distinctions it did," Driscoll's Omnibus Response Mem. at 13, she presently argues that her acquittal on the conspiracy count necessarily resolved facts essential to the mail fraud count still pending against her, thus leaving her properly charged only with aiding and abetting mail fraud. Driscoll's argument is premised upon the notion that the conspiracy allegations are the same as those underlying the mail fraud. She is incorrect. Most significantly the conspiracy count alleges that defendants "knowingly, willfully, and unlawfully combined, conspired, confederated and agreed with each other" to commit honest services mail fraud. Compare Indict. ¶¶ 14 and 96. Further, at the first trial, the Court's conspiracy instruction to the jury mirrored the First Circuit's pattern instruction, and thus, included language outlining the need for the jury to find that defendants conspired with one another in order to find them guilty of conspiracy.

As in most cases where the Indictment alleges the same underlying conduct in support of the conspiracy charge and the mail fraud charge,[1] the jury's acquittal of Driscoll on the

---

[1] The Indictment's allegation of the same acts in support of the conspiracy count as those underlying the substantive mail fraud charge is appropriate and legally proper. See United States v. Bayer, 331 U.S. 532, 542 (1947) (stating that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself) (emphasis added).

conspiracy count is properly read as a finding that she did not conspire with Urciuoli, nothing more. As she did in her Motion for Relief from Prejudicial Joinder, Driscoll contends, however, that her acquittal on the conspiracy charge necessarily means that the jury concluded that her participation in the scheme commenced after the consulting agreement was finalized and after the April 6, 2008, letter to the Ethics Commission. Just because the jury did not find that she conspired with Urciuoli to commit honest services mail fraud, does not mean, however, that it concluded that she did not initially orchestrate the scheme to defraud and commit acts in furtherance of the scheme early on in Celona's relationship with RWMC. This is precisely what the Indictment alleges and what the evidence at trial demonstrated. For example, paragraph 25 of the Indictment alleges, that Driscoll, along with Urciuoli, on various dates, from on or about October 15, 1997, to on or about July 22, 1998, caused the consulting agreement to be drafted, redrafted and executed in a manner so that it falsely and fraudulently purported to be a consulting agreement between Celona and the Village which stated that "[t]he management of the Village at Elmhurst wishes to engage you, John Celona (the "Consultant") to provide the following services on behalf of the Village of Elmhurst and Elmhurst Extended Care ("Elmhurst")" when she and Urciuoli knew that the true nature of the employment agreement was for Celona to perform duties for RWMC and to report to Driscoll. Indict. ¶ 25. See also id. ¶ 23. Moreover, the Indictment alleges, and the evidence at trial demonstrated, numerous actions that Driscoll took in furtherance of the scheme between the Fall of 1997 and when she left RWMC in May of 2000. For example, in February 1999, Driscoll sent a facsimile to Celona in which she asked him to "subtly" check on Cancer Council legislation "[w]here is it going. Who's supporting in Senate

and . . . reps." Indict. ¶ 55; GX 272. In addition, in February of 2000, after Celona asked, Driscoll informed him that he should oppose the Lifespan/Care New England merger. Indict. ¶ 49, GX 364. Neither of these actions by Driscoll amount to merely aiding and abetting the scheme, but demonstrate her full participation in the scheme to defraud.

Driscoll contends that Sealfon v. United States, 332 U.S. 575 (1948), warrants the conclusion that her acquittal on the conspiracy count means that facts necessary to support the mail fraud charge were decided in her favor. Sealfon is distinguishable from the case at bar. In Sealfon, the government conceded that its theory of the case on the substantive offense depended upon the jury finding the existence of an agreement between two individuals, one of whom had been acquitted of conspiracy in a prior trial. In that prior case, the government's theory of the case also relied upon the jury finding an agreement between the same two individuals. In the instant case, as in most cases in which a defendant is charged both as a conspirator and as a principal in a substantive count, proof of guilt on the substantive mail fraud count does not depend upon the jury finding that Driscoll agreed to commit the offense with someone else. Thus, Driscoll fails in her attempt to argue that the jury's verdict acquitting her on the conspiracy charge necessarily implies that any of the facts essential to proving her liability on the substantive mail fraud.

## III. **Conclusion**

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Driscoll's Motion in Limine for Limiting Instruction on Mail Fraud and on

Conspiracy Evidence.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on this 22nd day of August, 2008, I electronically filed the United States' Objection to Defendant Frances Driscoll's Motion in Limine for Limiting Instruction on Mail Fraud and Conspiracy Evidence and supporting Memorandum, with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos
LUIS M. MATOS