UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE FOR CAUTIONARY INSTRUCTION ON ETHICS ADVISORY REQUEST OR IN THE ALTERNATIVE FOR EXCLUSION OF EVIDENCE**

Defendant Frances Driscoll has filed a motion *in limine* for a cautionary instruction "that outlines the nature and limitations of an ethics advisory request," or in the alternative that the United States be prohibited from introducing evidence that Driscoll failed to disclose aspects of Celona's "business affairs" to the Ethics Commission. The United States objects to defendant Driscoll's request. The bases for the United States' objection are detailed in the memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE FOR CAUTIONARY INSTRUCTION ON ETHICS ADVISORY REQUEST OR IN THE ALTERNATIVE FOR EXCLUSION OF EVIDENCE**

## I. Introduction

Defendant Frances Driscoll has filed a motion *in limine* for a cautionary instruction "that outlines the nature and limitations of an ethics advisory request," or in the alternative that the United States be prohibited from introducing evidence that Driscoll failed to disclose aspects of Celona's "business affairs" to the Ethics Commission. Driscoll contends that her interactions with Celona prior to the April 6, 1998, letter to the Ethics Commission were political communications which she was not required to disclose to the Ethics Commission. She maintains that instruction to the jury on her right under the First Amendment to petition public officials and Rhode Island law outlining Ethics Commission procedures is necessary for the jury to properly consider the benign nature of her early communications with Celona and her failure to inform the Ethics Commission about them.

The United States objects to defendant Driscoll's request. This case is about bribery - nothing in Rhode Island law protects such conduct and thus, instruction on State Ethics law is inappropriate. See United States v. Urciuoli, 513 F.3d 290, 299 (1st Cir. 2008). Put simply,

Rhode Island law does not immunize Driscoll's conduct in failing to tell James McGuirk that she and Urciuoli were paying Celona to take official action.

## II. Argument

As the Urciuoli decision makes clear, the primary theory of the government's case is that Urciuoli and Driscoll paid Celona in exchange for official acts and hid that fact from the public in order to continue to pay Celona undetected. 519 F.3d at 299. In addition, the United States has repeatedly stated that it is not currently proceeding on a concealed conflict of interest theory. Thus, Driscoll's request to have the Court instruct the jury on Rhode Island General Law Section 36-14-11, which she concedes "empowers the Commission to extend a service to public officials . . . by allowing them an advance assessment of conflict questions," is inappropriate. Driscoll Supp. Mem. at 4 (emphasis added).

Driscoll has made several attempts to obtain some instruction to the jury on State Ethics law. In each, what she really seeks is for the Court to provide evidence of her intention in hiring Celona to the jury in the guise of jury instructions. Notably, there is no evidence that has been exchanged in the course of discovery to suggest that Driscoll actually undertook the tortured analysis she presently asks the Court to instruct the jury immunizes her actions.

Through her current motion, Driscoll also continues in her effort to make this case into something it is not, a concealed conflict of interest, or conflict of interest, case, which might implicate state law either in terms of immunizing her conduct or outlining what duties state legislators owe pursuant to Rhode Island law. Indeed, although in Urciuoli the Circuit remarked that "conceivably, in some circumstances, state law might bear on what 'services' are owed by a state legislator," the court rejected the notion that state law was "pertinent" in this case because

the United States "had [not] chosen to proceed on the theory that a conflict of interest alone (as opposed to a bribe or concealment of a conflict) was a basis for conviction." Urciuoli, 513 F.3d at 298-99. Instead, the court observed that "the government's position throughout [has been that] Celona was being paid for performing official acts - specifically, that the case [is] one of quid pro quo bribery with payments routed through the Village as disguise. Nothing in Rhode Island law purports to authorize or protect such conduct." Id. 513 F.3d at 299. (emphasis added).

Driscoll's attempt to recast the way in which state law is implicated in her prosecution does not change the Urciuoli court's statement that nothing in state law protects her conduct. By her own admission, the Ethics Commission advisory opinion procedure was not designed to endorse bribery of a public official. Driscoll Supp. Mem. at 6 n 1. In this case, the evidence that Driscoll had tasked Celona with working on the ambulance run issue, work that had nothing to do with the Village at Elmhurst or Elmhurst Extended Care, and that Celona was taking steps to "kill" legislation shows the inaccuracy of the consulting contract's description of Celona's duties. The description of Celona's duties in the consulting contract was false at the time McGuirk, sent the April 6, 1998, letter to the Ethics Commission, to which the contract was attached. Of course Driscoll did not tell the Ethics Commission that she intended to pay Celona for official acts. Her suggestion that her failure to acknowledge her crimes to the Ethics Commission suggests her innocence or immunizes her conduct is absurd.

Driscoll also relies on United States v. Safavian, 528 F.3d 957 (D.C. Cir. 2008), as a case addressing the import of the omission of material facts in a voluntary advisory system. Driscoll Supp. Mem. at 6-7. Safavian was not an honest services fraud case, but one in which the crime

charged was that the defendant knowingly concealed a material fact in violation of 18 U.S.C. §1001(a). The D.C. Circuit found that where the defendant was alleged to have failed to disclose information in the context of a voluntary ethics advisory process, he could not be held liable under 18 U.S.C. § 1001(a) for "knowingly and willfully . . . conceal[ing] a material fact." In this case, the Indictment does not charge Driscoll and Urciuoli with knowingly and willfully failing to disclose a material fact. They are charged with honest services mail fraud, an element of which is that they intended to deceive the public that they were bribing Celona. As in any mail or wire fraud case, evidence that Driscoll concealed her actions is relevant to whether she intentionally participated in a scheme to defraud. See e.g. United States v. Reeder, 170 F.3d 93, 103 (1st Cir. 1999) (defendant's misrepresentations to regulators and fraudulent efforts to conceal actions established intentional participation in scheme to defraud); United States v. Seward, 272 F.3d 831, 837 (7th Cir. 2001) (evidence could properly be relied upon to show money laundering as well as ongoing effort to defraud and conceal fraud). Evidence that Celona was performing work different than that described in the consulting contract shows that when McGuirk sent the April 6, 1998, letter to the Ethics Commission Driscoll intended to conceal her participation in the scheme to defraud the public of John Celona's honest services. Such evidence is properly considered by the jury and should not be excluded.

## III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny Defendant Driscoll's motion *in limine* for cautionary instruction on ethics advisory request, or, in

the alternative for exclusion of evidence.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on this 22nd day of August, 2008, I electronically filed the United States' Objection to Defendant Frances Driscoll's Motion in Limine for Cautionary Instruction on Ethics Advisory Request or in the Alternative for Exclusion of Evidence and supporting Memorandum, with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos
LUIS M. MATOS