UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT DRISCOLL'S MOTION IN LIMINE FOR LIMITING INSTRUCTION ON MAIL FRAUD AND CONSPIRACY EVIDENCE**

On August 26, 2008, the Court granted Defendant Frances Driscoll's motion *in limine* for limiting instruction on mail fraud and conspiracy evidence. The United States respectfully requests that the Court reconsider its ruling. Should the Court deny the United States' motion, the United States respectfully seeks clarification of the Court's ruling. The bases for the United States' motion are detailed in the accompanying memorandum of law filed simultaneously herewith. The United States respectfully requests oral argument on its motion and estimates that the time necessary would be fifteen minutes.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

## CERTIFICATE OF E-FILING

I hereby certify that on August 29, 2008, I electronically filed this Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT DRISCOLL'S MOTION IN LIMINE FOR LIMITING INSTRUCTION ON MAIL FRAUD AND CONSPIRACY EVIDENCE**

## I. Introduction

Defendant Frances Driscoll previously filed a motion *in limine* asking that the Court give a limiting instruction on mail fraud and conspiracy. In her motion, Driscoll asked the Court to instruct the jury that it may consider Count 2 only as charging her with aiding and abetting the scheme to defraud. She claimed that such an instruction is appropriate because it necessarily excludes from the jury's consideration all facts which were decided in her favor at the first trial.

The United States objected to Driscoll's motion because, since she has not been acquitted of mail fraud, there is no basis to limit the jury's consideration of the case against her. The United States contended that the jury's acquittal of Driscoll on the conspiracy count did not mean that the jury found facts in her favor which would preclude retrial of her on Count 2 of the Indictment, honest services mail fraud, in which Driscoll is charged as a principal and as an aider and abettor.

At the hearing on Driscoll's motion *in limine*, the Court expressed its view that the First Circuit's statement in United States v. Urciuoli that Driscoll "was convicted of a single count of

mail fraud, on the theory that she aided and abetted Urciuoli," 513 F.3d 290, 293 (1st Cir. 2008), constituted the law of the case, thus, providing the basis upon which to grant Driscoll's motion for an instruction to the jury that Driscoll is only charged with aiding and abetting others in the execution of a scheme to defraud.

The United States respectfully suggests that the questions before the Court of Appeals did not include a question concerning the evidentiary sufficiency supporting the jury's verdict against Driscoll on the substantive mail fraud count. See Id. ("On appeal, defendants do not dispute that the evidence was adequate to convict them of honest services mail fraud in so far as the convictions may have rested on bribing Celona to influence legislation."). Instead, the issue raised by defendants and decided by the Circuit was whether the jury instructions permitted convictions based on conduct which defendants contended did not constitute a violation of the honest services mail fraud statute. Id. Driscoll also objected on appeal that the district court's instructions did not adequately explain the intent requirement on the aiding and abetting charge. Id. at 299. Because the Court of Appeals was not faced with discerning the evidentiary basis for the jury's verdict convicting Driscoll, its comment that Driscoll was convicted on the theory that she aided an abetted Urciuoli does not constitute the law of the case and does not prohibit this jury from considering in its entirety Count 2 charging Driscoll with substantive honest services mail fraud.[1]

## II. Argument

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of

---

[1] Indeed, in her motion *in limine*, Driscoll did not contend that the First Circuit's comment constituted the law of the case, thus providing a basis upon which to limit the jury's consideration of the case remaining against her.

motions for reconsideration, courts have held that filing such motions is proper. United States Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); United States v. Clark, 984 F.2d 31, 33-34 (2d Cir. 1993). Motions for reconsideration in criminal cases are governed by the same principles as motions for reconsideration filed in civil cases. See e.g. Fiorelli, 337 F.3d at 286. Pursuant to Rule 60(b) of the Rules of Civil Procedure, a court may relieve a party from the effect of a judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reasons that justifies relief." In the instant case, the United States respectfully suggests that in granting Driscoll's motion *in limine*, the Court incorrectly determined that the First Circuit's comment that the jury convicted Driscoll on the theory that she aided and abetted Urciuoli constituted the law of the case.

As this Court is well-aware, the law of the case doctrine "is a prudential principle that precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998) (internal quotations omitted). "For a bar to exist, an issue must have been actually considered and decided by the appellate court or a decision on the issue must be necessarily inferred from the disposition on appeal." Id. (internal quotations omitted). Comments which constitute dicta do not constitute law of the case. "Relevant observations" which are not "essential to the determination of legal questions then before the court" constitute dictum. Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992). As such, "[d]ictum constitutes neither law of the case nor the stuff of binding precedent. In short, dictum contained in an appellate court's opinion has no preclusive effect in subsequent proceedings in the same, or any other, case." Id. (internal quotations omitted). See also Fiori v. Truck Drivers, Local 170, 354 F.3d 84, 90 (1st

Cir. 2004) ( finding that stray comment by district court did not constitute law of case because doctrine directed to formal legal rulings).

In the instant case, the issues on appeal which the Court of Appeals addressed, were summarized in Driscoll's appellate brief. Ex. 1 at 2-8. A determination of these issues, namely whether Driscoll was convicted for conduct that was not a violation of the honest service mail fraud statute, did not require the Court to determine whether the jury convicted Driscoll as an aider and abettor or as a principal. This is also true for Driscoll's argument that the Court erred in its aiding and abetting instruction to the jury. Ex. 1 at 8-15. Indeed, in support of her position that the trial court's aiding and abetting instruction possibly allowed the jury to convict her without making a finding of specific intent, Driscoll argued on appeal that "[b]ecause the jury returned a single verdict on Count 2, charging both mail fraud and aiding and abetting mail fraud, it is not possible at this juncture to determine on which of these prongs the jury hung its guilty verdict." Ex. 1 at 14 (emphasis added). The Circuit did not explicitly find that the trial court's aiding and abetting instruction was in error, expressing instead its confidence that "in all events, counsel is now alert to the issue, and we are confident it can be resolved in the district court in a satisfactory manner." Urciuoli, 513 F.3d at 300. Nowhere in its discussion concerning the propriety of the district court's aiding and abetting instruction did the circuit address the evidentiary basis for the jury's verdict.

In fact, at other times in the opinion, the Court commented favorably on the evidence introduced at trial: " . . . Celona's actions in promoting or blocking legislation to favor RWMC . . . involving multiple episodes over substantial period, would have assured conviction, at least or especially of Urciuoli. We have not described the latter in detail only because defendants do not

contest the sufficiency of the evidence or deny that such activities would violate the statute." Id. at 297.

The multiple episodes involving official action referred to by the Circuit are episodes in which the Indictment alleges and the evidence at trial demonstrated that Driscoll participated. For example, the Indictment alleges that in early 1998 Driscoll, along with Urciuoli, communicated the hospital's opposition to Senate Bill 2796 to Celona and that subsequently Celona informed Driscoll that he was taking steps to kill the bill in committee. Indict. ¶¶ 39-40. In addition, in February 2000, after Celona asked Driscoll whether he should oppose a potential merger between Lifespan and Care New England, Driscoll sent a facsimile to Celona directing him to oppose the merger. Id. ¶¶ 48-49. Further, the Indictment alleges that Driscoll, along with Urciuoli, opposed the establishment of a Cancer Council. Thereafter, on February 23, 1999, Driscoll directed Celona to "subtly" check on the Cancer Council legislation, asking him to find out "[w]here is it going. Who's supporting in Senate and . . . reps." Id. ¶¶ 54, 55.

As discussed in the United States' objection to Driscoll's motion *in limine*, Driscoll could easily have committed the acts described above in furtherance of the scheme as a full fledged principal in the scheme, not merely on the theory that she aided and abetted Urciuoli, and the jury's verdict says nothing about the same. The case of Sealfon v. United States, 332 U.S. 575 (1948), on which Driscoll relied in making her argument in support of her *in limine* motion, is distinguishable because unlike in Sealfon, Driscoll's participation in the scheme does not depend upon her reaching an agreement with Urciuoli, the distinguishing element between the conspiracy count on which Driscoll was acquitted, and substantive mail fraud. Conspiracy and substantive mail fraud are distinct crimes. See e.g. United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st

Cir. 2005); Ottomano v. United States, 468 F.2d 269, 271 (1st Cir. 1973). This is so because "the agreement to do the act is distinct from the [completed] act itself." Fornia-Castillo, 408 F.3d at 69 (quoting United States v. Felix, 503 U.S. 378, 390-91(1992)). Moreover, because an agreement to commit an act is distinct from the act itself, the manner in which the Indictment charged Count 1, conspiracy, and Count 2, substantive mail fraud was proper. See United States v. Bayer, 331 U.S. 532, 542 (1947) (stating that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself"). For all of these reasons, especially the fact that the First Circuit's comment concerning the theory on which the jury convicted Driscoll does not constitute the law of the case, the United States respectfully requests that the Court reconsider its ruling granting Driscoll's motion *in limine*.

In the alternative, the United States respectfully requests clarification concerning the Court's ruling, namely whether in granting Driscoll's motion, the Court intends to give the second paragraph of her proposed instruction, attached hereto as exhibit 2. Such an instruction limits the evidence the jury may consider in determining whether Driscoll is guilty of aiding and abetting Urciuoli in the commission of honest services mail fraud, which is different than limiting the nature of the charges which the jury may consider against Driscoll and does not necessarily follow from the Court's decision that Driscoll may only be convicted on the theory than she aided and abetted Urciuoli.

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court grant its Motion for Reconsideration or in the alternative for clarification of the Court's ruling granting defendant Driscoll's motion *in limine* for limiting instruction on mail fraud and conspiracy.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on August 29, 2008, I electronically filed this Memorandum in Support of Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN