UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04L |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER MOTION TO STRIKE ALLEGATIONS OF THE INDICTMENT OR TO PRECLUDE SUBMISSION OF THE INDICTMENT TO THE JURY**

Following Ms. Driscoll's initial motion to strike certain allegations from the *Indictment*, the government has proffered a proposed redacted indictment, attached as *Appendix A.* These proposed redactions eliminate Ms. Driscoll and Peter J. Sangermano, Jr. from the charging paragraphs and exclude other language in a variety of contexts which alleges that Celona's activities amounted to a conflict of interest. The government has also redacted any identification or description of the Rhode Island Ethics Commission.

These redactions do not go nearly far enough, given the current posture of the case. And in one instance, they go too far.

As to the latter, unless the government's proof is to change radically, the language describing the Ethics Commission contained in ¶11 is necessary to give context to the various allegations which remain as part of the prosecution's accusations of conspiracy. *See* ¶¶20, 41-44, all mentioning the Ethics Commission.

That said, the larger problem, by far, is the redacted indictment's failure to incorporate fully Ms. Driscoll's acquittal of the conspiracy allegation. She continues to be identified in the "Overt Acts" section of the indictment, as a perpetrator of multiple overt acts in furtherance of

the conspiracy (with her name written in capital letters along with Mr. Urciuoli's).[1] Count 2, the mail fraud charge against Ms. Driscoll, incorporates these overt act accusations, ¶103, as acts in furtherance of the scheme, leaving the lay reader completely confused about the interface of the two.

An indictment so structured is very difficult to redact to incorporate an acquittal on the lead conspiracy offense. Ms. Driscoll suggests, therefore, that the Court apply Occam's Razor – the simplest solution is the best – and not submit the *Indictment* to the jury at all.

In the alternative, defendant will attempt a paragraph-by-paragraph redaction, which embodies Ms. Driscoll's acquittal on the conspiracy count and this Court's rulings on the *in limine* motions. As to the former, she proposes redacting every allegation that she committed an overt act in furtherance of the conspiracy. She has retained those allegations which assert that she received something from a conspirator (Celona), as the government may fairly assert that the conspirator committed an overt act by interacting with Ms. Driscoll, who is not a member of the conspiracy.

In addition, defendant has redacted those paragraphs which relate to a prosecution predicated on the non-disclosure/concealment of a material conflict of interest. These may have been relevant in the previous incarnation of this case, but they are irrelevant and confusing to a prosecution predicated solely upon a claim of *quid pro quo* bribery.

This redaction will be explained in the bullet points below and reflected in wavy strikeouts on the attached redacted draft indictment, which already includes the government's suggested excisions.

- Eliminate capitalization of Ms. Driscoll's name from every paragraph in Count 1.

---

[1] Mr. Sangermano, too, continues to have his name in capitals throughout the *Indictment*, although he was acquitted of all charges in the first trial.

- Eliminate capitalization of Mr. Sangermano's name throughout the Indictment.
- Paragraph 16: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery.
- Paragraph 20: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery.
- Paragraph 23: omit first and last sentences. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 25: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery. In the alternative, omit Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 29: omit phrase "pursuant to DRISCOLL's request" in third sentence. As Ms. Driscoll is not a co-conspirator, her activity should not be charged in the conspiracy count.
- Paragraph 33: omit first sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraphs 35-38: omit in their entirety. These paragraphs describe the rescue run evidence. In the alternative, omit Ms. Driscoll's name from ¶37. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 39: omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 41: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery. In the alternative, omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 42: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery. In the alternative, omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.
- Paragraph 43: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery. In the

alternative, omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 44: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery. In the alternative, omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 49: omit in its entirety. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 50: omit in its entirety. As Mr. Sangermano is not a co-conspirator, his activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 53: omit the final phrase "pursuant to SANGERMANO's request and with the approval of DRISCOLL." As Mr. Sangermano and Ms. Driscoll are not co-conspirators, their activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 54: omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 55: omit in its entirety. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 56: omit last full sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 57: omit the phrase "as directed" in the first sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 59: omit reference to Ms. Driscoll in second sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 60: omit first sentence and reference to Ms. Driscoll in third sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 61: omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 62: omit in its entirety. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 65: omit third sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 66: omit in its entirety. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 69: omit third sentence. As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 71: omit phrase "upon her request." As Ms. Driscoll is not a co-conspirator, her activity cannot be included as an overt act committed in furtherance of the conspiracy.

- Paragraph 98: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery.

- Paragraph 101: omit phrase "and Chairman of the Senate Corporations Committee." As to Ms. Driscoll, this accusation is inaccurate as she had left Roger Williams' employ long before Mr. Celona became chairman of the Senate Corporations Committee.

- Paragraph 102: omit in its entirety. This paragraph relates to a case predicated on non-disclosure of a material conflict of interest, not a *quid pro quo* bribery.

- Paragraph 103: omit Ms. Driscoll's name. As Ms. Driscoll is not a co-conspirator, her activity should not be alleged by a cross-reference to overt acts done in furtherance of a conspiracy of which she has been acquitted.

In addition to these excisions, a number of the allegations in the Overt Act section of the conspiracy charge appear to be predicated on testimony from John Celona. These include the following:

- ¶39
- ¶¶47-48

- ¶¶50-54
- ¶¶60-62
- ¶¶65-67

Defendant cannot assess whether the government will somehow be able to support these allegations at trial from sources other than John Celona. But in the event that it does not, they must be stricken from the *Indictment* if it is to be submitted to the jury.

For all these reasons, defendant's request to strike allegations of the *Indictment* as outlined above and reflected in the attached *Appendix A* should be granted.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 29th day of August, 2008, a copy of this Supplemental Memorandum was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen