UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04L |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANT DRISCOLL'S MOTION IN LIMINE FOR LIMITING INSTRUCTIONS ON MAIL FRAUD AND CONSPIRACY EVIDENCE**

The government has moved for reconsideration of this Court's decision to grant defendant's motion *in limine* for limiting instructions on mail fraud and conspiracy evidence. This motion brings nothing new and significant to the table. It is a rehash of the arguments previously made and rejected, balanced (like a pyramid on its point) on a hyper-technical parsing of the phrase "law of the case."

The First Circuit Court of Appeals has observed that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage,* 465 F.3d 24, 30 (1st Cir. 2006), quoting Wright, et al., *Federal Practice and Procedure,* § 2810.1 (2nd ed. 1995). The motion is "addressed to the sound discretion of the trial court." *Lapore v. Vidockler,* 792 F.2d 272, 274 (1st Cir. 1986). The standard for relief is a high one: "The movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court has committed a manifest error of law." *Palmer, supra* at 30 (citation omitted). Conversely, "[t]o the extent that the motion for reconsideration merely requests the Court to revisit defendant's previous allegations, all of which

were carefully considered by the Court prior to the issuance of its *Order*, the request must be denied." *Sandoval Diaz v. Sandoval Orozco,* 205 U.S. Dist. LEXIS 12462 at *10 (D.P.R. 2003).

The basic legal principles on which this Court's decision was based – the principles outlined in *Sealfon v. United States,* 332 U.S. 575 (1948) and its progeny – were thoroughly briefed and debated before this Court. The government cannot deny this. So instead it stresses a form of words, "law of the case," as if this were a basis for revisiting the merits of the *in limine* motion.

Several points stand clear. *First,* the government chose to frame its conspiracy count in terms nearly identical to the mail fraud allegation. *Second,* there is no rational distinction between conspiring with certain named parties to devise a scheme and artifice to defraud and devising a scheme and artifice to defraud with these same parties in the context of an indictment which asserts that "the principal objects" of the conspiracy/scheme, its "means and methods," and the "overt acts," committed in furtherance are all identical. *Third,* the accusation here – in both the conspiracy count and the mail fraud count – is joint activity. The government has never alleged (nor has it presented any evidence) that Ms. Driscoll acted independently of her superior.

Given these predicates, the only rational explanation for an acquittal on the conspiracy charge coupled with a conviction on the mail fraud is the one identified by the First Circuit: "Driscoll was convicted of a single count of mail fraud, on the theory that she aided and abetted Urciuoli." *United States v. Urciuoli,* 513 F.3d 290, 293 (1st Cir. 2008). This conclusion stands on solid ground and, as a prudential matter, is worthy of respect from this Court, whether one uses the phrase "law of the case" or not.

The second conclusion to be drawn from these facts is that Driscoll's alleged participation as a principal in the devising of the scheme depended just as much on an agreement

with Urciuoli as Sealfon's liability for devising a scheme depended upon his reaching an agreement with Greenberg. Here, as in *Sealfon,* the first jury to hear this case necessarily concluded that Ms. Driscoll did not agree with others to create a scheme to defraud the Rhode Island public of John Celona's honest services. In these circumstances, *Sealfon* commands that the acquittal on the conspiracy charge precludes a second jury's reconsideration of the mail fraud allegation, except insofar as the government alleges that she aided and abetted a scheme which others had created.

The government presents no basis on which this Court should reconsider its ruling granting defendant's motion *in limine.*

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 2nd day of September, 2008, a copy of this Memorandum was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen