UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04(ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER REQUEST FOR STATE LAW INSTRUCTION**

This Court has reserved decision on whether it will instruct the jury at the close of all the evidence on state law describing and defining business relationships with Rhode Island legislators. Ms. Driscoll asks this Court to consider the attached decision in *United States v. Prigmore,* 243 F.3d 1 (1st Cir. 2001) before reaching its decision.

*Prigmore* involved a prosecution for conspiring to defraud the Food and Drug Administration (FDA) in connection with its regulation of medical devices. The defendants were officers at a business which manufactured heart catheters. The government alleged that the defendants willfully tested certain medical devices in violation of law and deceived the FDA in order to avoid its regulatory oversight. The defendants argued that, under their interpretation of pertinent federal regulations – an interpretation which was either correct or at least objectively reasonable – their activities were lawful and/or undertaken in good faith. The government disagreed with their interpretation but, the precise terms of the regulations aside, it claimed that, under all the facts and circumstances, defendants' actions were deliberately fraudulent.

At the close of the evidence, defendants asked for an instruction which explained the interconnections among the regulatory provisions and which defined certain key terms. The trial

court refused. It allowed the defense to argue its understanding of the regulations as a backdrop to its characterization of defendant's activities, but it limited the jury instructions to the statutory elements, including the requirement of an intent to defraud and the government's need to prove that the defendants did not act in good faith.

The First Circuit found reversible error notwithstanding "good-faith instructions [which] were comprehensive, articulate, and beyond reproach," *Prigmore, supra* at 21, and overall evidence of guilt which the opinion termed "quite substantial." *Id.* at 22. The government had presented a circumstantial case. While the offense required proof of deliberate fraud, the evidence required the drawing of inferences from the defendants' actions. The question for the appellate court was whether the jury had an adequate understanding of the legal framework in which the defendants operated. In answering this question in the negative, the Circuit concluded that defendants "were entitled to have their intent assessed in light of the interpretation of the underlying filing requirements that is most congenial to their case theory and yet also objectively reasonable." *Id.* at 17 (citation omitted). A comprehensive instruction on the statutory elements and the requirement of disproving good faith was not enough. "While the Court's good-faith instructions were comprehensive, articulate, and beyond reproach insofar as they generally described the concept of good faith, the jury's good-faith finding may well have been affected by its view of what the underlying law required." *Id.* at 21.

*Prigmore* is carefully written in the disjunctive. Defendants were entitled to an instruction "on either the meaning of the underlying statute and regulations *or* objectively reasonable interpretations thereof." *Id.* at 16 (emphasis supplied). Thus, *Prigmore* recognizes that a defense may be mounted either on the theory that the defendants' activities were in fact authorized by law (which the trial court must outline), or on the theory that defendants'

assessment of the legal requirements, although incorrect, was nevertheless objectively reasonable.

The same situation will pertain here. The government's case is circumstantial. While the offense charged is deliberate fraud (*quid pro quo* bribery, as the government puts it), the government will attempt to prove its case through evidence which will be susceptible to varying inferences. The basic facts from which the government will ask the jury to extract an inference of guilt are the same ones which will fuel a defense argument of innocence, given the provisions of Rhode Island's laws regarding the private work of part-time legislators. The government will show that Ms. Driscoll's employer, Roger Williams Medical Center (RWMC), hired a state legislator to serve in a consulting position without clearly quantified responsibilities. Thereafter, she and others engaged in a dialogue by facsimile with that legislator, who represented he was taking positions favorable to RWMC. The faxes include periodic requests that the legislator obtain information (all in the public domain), and at least one pointed request to take certain action which would help RWMC. The government will argue, as it did in *Prigmore,* that, on all the facts and circumstances, the evidence shows a deliberate intent to defraud – to pay Celona for political activities. Ms. Driscoll will take the same evidence and argue that it shows only that she discussed, even pressed, RWMC's political agenda on a legislator whom she had helped hire as a consultant, something she was entitled to do under R.I. Const. art. 1, § 21, and the laws of Rhode Island.

Here, as in *Prigmore,* the legal framework surrounding Ms. Driscoll's activities has a dual significance. First, "the jury's good-faith [assessment] may well [be] affected by its view of what the underlying law required." *Prigmore, supra* at 21. In the alternative, the jury must assess whether what Ms. Driscoll intended was in fact lawful, given underlying law.

In sum, *Prigmore* stands for the proposition that, in a circumstantial case, where the government will ask the jury to draw an inference of deliberate fraud from the defendant's conduct, a trial court would err "in not instructing the jury to determine defendants' guilt against the backdrop of [applicable law]." *Id.* at 17.

Ms. Driscoll asks this Court to instruct the jury on the applicable provisions of state law.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 5th day of September, 2008, a copy of this Supplemental Memorandum was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen