UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MOTION *IN LIMINE*: NOTICE OF INTENT TO OBJECT TO THE GOVERNMENT'S INTRODUCTION OF CERTAIN EVIDENCE**

Frances P. Driscoll, by her attorneys, hereby notices the Court that she anticipates objecting to a sequence of facsimile communications occurring in 1999 and 2000 regarding the then-proposed Lifespan/Care New England merger.

The attached supporting memorandum specifies the evidence to which she will object.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen

John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

**CERTIFICATION**

I hereby certify that on the 10th of September, a copy of this Motion was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 06-02-04 (ML) |
| | ) | |
| ROBERT A. URCIOLI, | ) | |
| FRANCES P. DRISCOLL, and | ) | |
| ROGER WILLIAMS MEDICAL CENTER | ) | |

**FRANCES P. DRISCOLL'S MEMORANDUM IN SUPPORT OF OBJECTION TO LIFESPAN/CARE NEW ENGLAND MERGER EVIDENCE**

Defendant wishes to inform the Court that she anticipates objecting to the government's introduction of a sequence of facsimile communications occurring in 1999 and 2000 regarding the then-proposed Lifespan/Care New England merger. Facsimiles (G-156-162, 172-173) attached as *Appendix A*.

This evidence in substance will indicate that, on July 23, 1999, Ms. Driscoll sent John Celona a fax asking him to obtain minutes of a commission which was investigating the Lifespan merger. G-156.[1] Although Ms. Driscoll initially thought this was a House Commission, in fact it was sponsored by the Attorney General, who had been tasked to investigate the advisability of the merger.[2] Celona sent a return fax on July 29, 1999 which informed Ms. Driscoll he had obtained the minutes of the Attorney General Commission and offering to get minutes of future meetings. G-161. Some seven months later, Celona sent another fax referencing a letter from the Rhode Island AFL-CIO opposing the merger and asking "Would there be an objection for my opposing such? Please advise." G-173. In a final fax, Ms. Driscoll handwrote the words "Go

1 These minutes were a public document.

2 There was a separate House Commission meeting on the merger referenced in Exhibits 159, 161, 162. Defendant does not oppose the introduction of these exhibits.

forward with opposing L/CNE." G-172.[3] Defendant objects to the introduction of these final two faxes.

This objection will be premised on the core holding in *United States v. Urciuoli,* 513 F.3d 290 (1st Cir. 2008) that activity by a part-time legislator that is non-legislative in nature cannot be the basis of an honest services mail fraud prosecution. Here, the subject under discussion was not legislative. Rather, it was a hearing undertaken by the Office of the Attorney General. Celona had no official relationship to this proceeding.

Thus, the situation here is comparable to the rescue run activity which was the subject of the *Urciuoli* opinion. There, Celona was asked to approach local officials to advocate for an increased number of rescue runs to Roger Williams Medical Center. The First Circuit found that this conduct "falls in a borderland where analogies can easily be drawn both to public and private conduct and there is no indication that Celona invoked any purported oversight authority or threatened to use official powers in support of his advocacy." *Id.* at 296. The Court acknowledged that Celona might well have used his title to "assure[d] him access and attention." *Id.* But this was not enough to make rescue run lobbying of mayors a federal crime.

By parity of reasoning, any lobbying that Celona might have done of the Attorney General cannot be a federal offense in absence of evidence that such activity would have trenched upon his official function. Like the rescue runs, it falls into a "borderland" which cannot support an honest services mail fraud claim.

---

[3] These words were written onto a fax which Celona sent to Ms. Driscoll on February 14, 2000 which related to jet ski legislation, and was then faxed back to him with the "L/CNE" inscription. There was no evidence introduced at the prior trial of this matter that John Celona ever followed up on this.

Government Exhibits 172 and 173 relating to the Lifespan/Care New England Merger should be excluded.

Respectfully submitted,
Frances P. Driscoll
By her attorneys,

/s/ John A. MacFadyen
John A. MacFadyen (#1209)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
401-751-5090
jam@ridefense.com

Kevin Bristow, Esq. (#3984)
76 Westminster Street
Providence, RI 02903
401-521-8000
kjbristowlaw@verizon.net

Larry Tipton, Esq.
*Pro Hac Vice Counsel*
Law Office of Larry Tipton
One Center Plaza, Suite 220
Boston, MA 02108
617-227-1308
larrytipton@lawofficeoflarrytipton.com

## CERTIFICATION

I hereby certify that on the 10th day of September, 2008, a copy of this Memorandum was filed electronically and that it is available for viewing and downloading from the Court's ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ John A. MacFadyen