UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MOTION FOR ORDER COMPELLING**
**DEFENDANTS TO DISCLOSE WITNESS LIST**

Prior to trial, the Court required the United States to disclose the names of the witnesses, the general substance of testimony, length of testimony and order of testimony for the witnesses it intended to call at trial. The United States complied. The Court did not provide similar direction to defendants. The United States respectfully requests that the Court direct the defendants to provide such information. The bases for the United States' motion are detailed in the accompanying memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza

Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on September 10, 2008 I electronically filed this Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING DEFENDANTS TO DISCLOSE WITNESS LIST**

## I. Introduction

Prior to trial, the Court required the United States to disclose the names of the witnesses, the general substance of testimony, length of testimony and order of testimony of the witnesses it intended to call at trial. The United States complied. The Court did not provide similar direction to defendants. The United States respectfully requests that the Court direct the defendants to provide such information.

## II. Argument

In Taylor v. Illinois, 484 U.S. 400 (1988), the Supreme Court addressed the question of whether the Sixth Amendment creates an absolute bar to the preclusion of the testimony of a surprise witness. In Taylor, pursuant to an Illinois Supreme Court Rule, the prosecution filed a discovery motion requesting a list of defense witnesses. The defendant's response failed to list one witness. At trial, the defendant moved the trial court to add one additional witness to his list. As sanction for failure to identify the witness, the court refused to allow the witness to testify at trial. The issue before the Court was whether the Compulsory Process Clause creates an absolute bar to the preclusion of the testimony of a defense witness as a sanction for violating a

court's discovery rule. The Court held that the Clause did not create such an absolute bar and held that if discovery violations are willful and motivated by a desire to obtain tactical advantage, it may be appropriate to exclude such testimony. Id. at 410-14. The Court stated:

> The principal that the undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right. The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case. The trial process would be a shambles if either party had an absolute right to control the time and content of his witnesses' testimony. Neither may insist on right to interrupt the opposing party's case, and obviously there is no absolute right to interrupt the deliberations of the jury to present newly discovered evidence. The State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence.

Id. at 411. Other courts, following the reasoning in Taylor, have held that defendants may be subject to pretrial disclosure requirements.

For example, in Tyson v. Trigg, 50 F.3d 436, 445 (7th Cir. 1995), the Seventh Circuit reviewed a state trial court's decision refusing to allow the defense to call new witnesses it had not disclosed pursuant to a pretrial order. The Circuit stated, "[n]o one doubts that criminal defendants like other parties to litigation can be subjected to reasonable rules regulating discovery." Id. Indeed, "the central aim of such rules is to minimize surprise at trial by requiring disclosure of witnesses in advance of trial." Id. See also United States v. Russell, 109 F.3d 1503, 1510 (10th Cir. 1997) ("There is no constitutional barrier to trial courts requiring the mutual pretrial disclosure of witnesses"); United States v. Mason, 902 F.2d 1314, 1315 (8th Cir. 1990) (district court did not err in excluding defense witness disclosed five days before trial in violation of pretrial order).

Based on the foregoing, the United States respectfully requests that the Court order defendants to provide their lists of witnesses, anticipated trial testimony from each witness, length of testimony, and the order in which they intend to present them.

## III. Conclusion

Wherefore, the United States respectfully requests that the Court grant its Motion for Disclosure of Witness List.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on September 10, 2008, I electronically filed this Memorandum in Support of Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN